## No. 5536.

### STATE OF LOUISIANA VS. SAM MAXWELL.

The law is that in a prosecution for perjury it must appear on the face of the indictment that the matter alleged to be false is material. But it is sufficient to charge generally that the false oath was material on the trial of the issue upon which it was taken; it is not necessary to show particularly how it was material. In the information in the present instance the materiality of the evidence is charged directly, and the statements in charging the false oath and the circumstances make its materiality plain.

Prosecutions for offenses not capital may be by information with the consent of the court first obtained.

The objection that the assignment of perjury is upon a question which the State had no legal right to ask and which the witness could have refused to answer, is not well founded. The State did have a right to ask it; it was material. If the answer would criminate the witness he might refuse to answer, and the court would not compel a response. Here the witness made no objection to answer.

It is clear from the record that the particular cause pending in which the perjury is alleged to have been committed is sufficiently specified. There is no confusing or mixing up of two trials or of two false oaths.

The information sets out that the oath was administered by "A. W. Moore, clerk of the Twelfth Judicial District as aforesaid, then and there having sufficient authority to administer an oath to the said Sam Maxwell in that behalf." This is sufficient.

APPEAL from the Twelfth Judicial District Court, parish of Franklin. *Taliaferro, J. Daniel B. Gorham,* District Attorney, and *A. P. Field,* Attorney General, for plaintiff and appellee. *C. H. Ratliff,* for defendant and appellant.

TALIAFERRO, J. The defendant appeals from a judgment sentencing him to five years imprisonment at hard labor in the Penitentiary for the crime of perjury.

Coupled with a bill of exceptions are the following pleas offered on a motion in arrest of judgment:

First—That the materiality of the evidence upon which the offense of perjury is assigned is not alleged as the law directs in such cases.

Second—That the State can not proceed in a case of perjury by way of information, but must prosecute by way of indictment or presentment found by a grand jury.

30

Third—That the assignment of perjury is upon a question which the State has no legal right to ask, and which the witness could have refused to answer.

Fourth—That it does not appear from the information upon what trial the assignment of perjury has reference to.

Fifth—It does not specify any particular cause pending in which the assignment of perjury is alleged to have been committed.

Sixth—The allegation in the information does not set out the charge in accordance with the statute laws of the State in this, it does not allege that the person who administered the oath had competent authority to administer the same.

Seventh—The information does not show the pending of any cause in which the perjury is alleged to have been committed.

That the points here made by the defense are without weight we think is fully shown by the Attorney General, who answers them *seriatim:*

First—The law is "that it must appear on the face of the indictment that the matter alleged to be false was material. It is sufficient to charge *generally* that the false oath was material on the trial of the issue upon which it was taken; it is not necessary to show particularly how it was material." Wharton's Criminal Law, section 2263. In the information the materiality of the evidence is charged directly, and the statements in charging the false oath and the circumstances make its materiality plain.

Second—This position is erroneous. "Prosecutions for offenses not capital may be by information, with the consent of the court first obtained." Revised Statutes, section 977.

Third—But the State did have a right to ask it; it was material. If the answer would criminate the witness he might refuse to answer, and the court would not compel a response. Here the witness made no objection to answer.

Fourth—This, in substance, is the same objection that is set up under the first head.

Fifth—It is clear from the record that the particular cause pending in which the perjury alleged to have been committed is specified. There is no confusing or mixing up of the two trials or the two false oaths.

Sixth—The information sets out that the oath was administered by " A. W. Moore, clerk of the Twelfth Judicial District, as aforesaid, then and there having sufficient authority to administer an oath to the said Sam Maxwell in that behalf."

Seventh—This reason for arrest of judgment is a repetition of the first, and has already been answered.

It is ordered that the judgment appealed from be affirmed.