[No. 3909.]
## THOMPSON v. THE PEOPLE.

1. CRIMINAL LAW—PERJURY—INFORMATION—AUTHORITY TO ADMIN-
ISTER OATH.

In a prosecution for perjury alleged to have been committed in the
trial of a case it is not necessary to allege in the information that
the court before whom the perjury is alleged to have been com-
mitted had jurisdiction of the case in the trial of which the perjury
is alleged to have been committed; but it is sufficient to aver in the
information that the court or authority before which the oath was
taken had full power to administer the same.

2. SAME.

In a prosecution for perjury an information that in substance alleges
that before a certain district court, properly describing the court,
upon the trial of a certain criminal case which was then and there
tried by a jury, the defendant was duly sworn as a witness by the
deputy clerk who had authority to administer the oath, sufficiently
conforms to the statute and by necessary implication states that
the proceeding in which the oath was administered was one over
which the court had jurisdiction.

3. PERJURY—INFORMATION—MATERIALITY OF FALSE OATH.

In a prosecution for perjury it is not necessary that the information
should set forth how or in what way the evidence alleged to be
false was material to the issue. It is sufficient if its materiality
appears either from the facts alleged or by direct averment.

4. PERJURY—MATERIALITY—CORROBORATING EVIDENCE.

A witness may be guilty of perjury, not only by swearing falsely, to
the fact immediately in issue, but also by corruptly and falsely
swearing to any material circumstance which legitimately tends
to prove or disprove such fact; or to any circumstance or fact
which has the effect to strengthen and corroborate the testimony
upon the main fact.

5. INSTRUCTIONS—PRACTICE.

It is not error to refuse to give an instruction asked, even though it is
a correct statement of the law, if the instruction is in substance
embodied in an instruction given by the court.

6. PERJURY—INSTRUCTIONS—JURISDICTION.

In a prosecution for perjury for falsely testifying as a witness in the
trial of a case where it was clearly shown that the court had juris-
diction over the case in which the perjury was alleged to have been
committed and there was no attempt on the part of defendant to
show the contrary, it was proper to refuse an instruction submit-
ting to the jury the question of jurisdiction.

7. Perjury—Instructions—Misleading.

In a prosecution for perjury an instruction that "If there is but one witness testifying directly to the falsity of the evidence of the one charged with perjury, there must be evidence or circumstances corroborating such *falsified* testimony," while erroneous in using the words "falsified testimony" instead of falsifying testimony, is not so misleading to the jury as to justify a reversal, where the prosecution did not rely on the oath of one witness and corroborating circumstances to show the falsity of the statement, but upon the evidence of several witnesses, and where the instruction in another part expressly states that the evidence of one witness as to the falsity of the evidence upon which perjury is assigned is not sufficient; and concludes by telling the jury that it is for them to determine whether the corroborating circumstances are sufficient to justify a verdict of guilty.

8. Perjury—Instructions—Materiality.

In a prosecution for perjury the question of the materiality of the alleged false testimony in the case in which it is given is a question of law for the court and should not be submitted to the jury, but where its materiality was clear and the court must have so found in overruling a motion for new trial, the fact that the materiality of the evidence was submitted to the jury who found that it was material, in no way prejudiced the rights of defendant.

9. Jurors—Challenge—Formed and Expressed Opinion.

The trial court is the trier of the qualifications of jurors when challenged on the ground of having formed or expressed an opinion, he must determine as a matter of fact whether the juror stands indifferent, and the finding of the court is conclusive and not subject to review on appeal, except in case of gross abuse of discretion.

*Error to the District Court of El Paso County.*

Mr. W. D. Lombard and Messrs. Crowell & McParlin, for plaintiff in error.

Mr. David M. Campbell, attorney general, Mr. Calvin E. Reed, Mr. Dan B. Carey and Mr. Henry McAllister, for the people.

Mr. Justice Goddard delivered the opinion of the court.

The plaintiff in error was tried in the district court of El Paso county upon an information charging him with the

crime of perjury. The trial resulted in a verdict of guilty. Motions for a new trial and in arrest of judgment were filed and overruled, and he was sentenced to confinement in the penitentiary for the term of five years. To review this judgment he brings the case here on error.

The assignments of error present substantially three grounds for reversal: First, that the information is fatally defective in matters of substance, second, that the evidence introduced upon the trial was insufficient to sustain the verdict, third, that there was error in the trial in the admission of, and refusal to admit, certain testimony, and error in giving and refusing of certain instructions.

In support of the first ground it is contended that the information is defective because it does not appear, either by express averment or a statement of facts from which it might be presumed, that the district court of El Paso county had jurisdiction of the case in the trial of which the perjury is alleged to have been committed; and because it does not set forth in what manner the testimony of the defendant was material to the issue. The information, *inter alia*, states that:

"J. W. Thompson on the twenty-eighth day of January, A. D., 1898, at the said county of El Paso, did then and there before the First Division of the District Court of the Fourth Judicial District of the State of Colorado, sitting within and for the county of El Paso, State of Colorado, the Honorable Horace G. Lunt, one of the judges of said court, presiding, in a certain criminal case and prosecution coming on to be heard on a certain issue between the People of the State of Colorado and J. H. Cremar, wherein the People of the State of Colorado were plaintiffs and the said J. H. Cremar was defendant, and which was then and there tried by a jury in that behalf, duly sworn between the parties aforesaid, upon which said trial the said J. W. Thompson then and there appeared as a witness for and on behalf of the said defendant J. H. Cremar, and was then and there duly sworn before the Honorable Horace G. Lunt, judge of said court

as aforesaid, by E. K. Gaylord, the Deputy Clerk of said District Court, that the evidence which the said J. W. Thompson should give to the court then and there and to the jury so sworn as aforesaid, touching the matters in question, should be the truth, the whole truth and nothing but the truth, he, the said E. K. Gaylord, Deputy Clerk aforesaid, then and there having sufficient authority to administer the said oath to the said J. W. Thompson in that behalf; and at and upon the trial of the issue so joined between the parties aforesaid, it then and there became and was a material question whether upon the evening of August 11th, 1897, after the shooting of one A. F. Meyers by the said J. H. Cremar, and while the said J. H. Cremar was leading the said A. F. Meyers from the store in which the said shooting had occurred, and upon the sidewalk in front thereof, the said A. F. Meyers handed to any one a pistol or revolver of any kind, saying at the time, 'take this,' and that the said J. W. Thompson, being so sworn as aforesaid, then and there in the trial of the said issue, upon his oath aforesaid, unlawfully, feloniously, falsely, corruptly, knowingly, wilfully and maliciously, before the said jurors so sworn as aforesaid, and the Honorable Horace G. Lunt, judge of said court, as aforesaid, did depose and swear amongst other things, in substance and to the effect following, that is to say: That as the said A. F. Meyers came out of the door with the said J. H. Cremar, the said J. W. Thompson saw the said A. F. Meyers hand to some one a blue barreled pistol, saying at the time, 'Take this,' whereas in truth and in fact the said A. F. Meyers as he came out of the said store, upon said occasion, or either in the store or on the sidewalk in front thereof, or in any other place, did not hand to any one a blue barrelled pistol, or any other pistol or weapon of any kind, all of which the said J. W. Thompson well knew, contrary to the form of the statute in such case made and provided and against the peace and dignity of the said People of the State of Colorado."

It may be conceded that this general form of allegation would be bad, by the rules of common law; but referring to

section 1272 of our criminal code, Mills' Ann. Stats., it will be seen that in this state the common law has been modified. This section provides that:

"In every indictment for perjury or subornation of perjury it shall be sufficient to set forth the substance of the offense charged upon the defendant, and before what court or authority the oath of affirmation was taken, averring such court or authority to have had full power to administer the same, together with the proper averment or averments to falsify the matter or matters wherein the perjury is assigned," etc.

It will be observed that by the provisions of this section it is sufficient to aver in the information that the court or authority before which the oath was taken had full power to administer the same. This section is substantially the same as the statute 23, George II., chap. 11. Under that statute the English decisions are that it is only necessary to state the substance of the offense, the name of the court, and aver the court's authority to administer the oath. To the same effect are the decisions in this country, under similar statutes. *Lavey v. The Queen,* 17 Queen's Bench, 496; *The King v. Callanan,* 6 B. & C. 102; *The Queen v. Dunning,* 1 C. C. Res. 290; 2 Chitty's Crim. Law, 307; *Rex v. Dowlin,* 5 T. R. 311; *People v. Phelps,* 4 Wend. 10; *Halleck v. State,* 11 Ohio, 400; *State v. Maxwell,* 28 La. Ann. 361; *People v. Greenwell,* 5 Utah, 108; *Masterson v. State,* 144 Ind. 240; *Maynard v. People,* 135 Ill. 416; *State v. Green,* 100 N. C. 419.

While it is true that the information does not contain an express averment that the district court of El Paso county had jurisdiction of the case in which the alleged false testimony was given, it does aver that upon the trial of a certain criminal case, of which that court *prima facie* had cognizance, the plaintiff in error was duly sworn as a witness by the deputy clerk, and that he had sufficient authority to administer the oath. We think, therefore, that in this particular the information not only conforms to the requirements of

the statute, but by necessary implication states that the proceeding in which the oath was administered was one over which the district court had jurisdiction. Nor is the information defective because of the failure to set forth how or in what way the evidence alleged to be false was material to the issue. It is well settled that it is sufficient if its materiality appears either from the facts alleged, or by direct averment. 2 Bishop's Crim. Pro. § 915; *Williams v. State*, 68 Ala. 551; *Dilcher v. State*, 39 Ohio St. 130; *People v. Brilliant*, 58 Cal. 214; *Gandy v. State*, 24 Neb. 717, and cases cited in 16 Ency. Plead. & Prac. note 1, p. 343.

The information avers that "at and upon the trial of the issue so joined between the parties aforesaid, it then and there became and was a material question whether upon the evening of August 11, 1897, after the shooting of one A. F. Meyers by the said J. H. Cremar, and while the said J. H. Cremar was leading the said A. F. Meyers from the store in which the said shooting had occurred, and upon the sidewalk in front thereof, the said A. F. Meyers handed to anyone a pistol or revolver of any kind, saying at the time, 'Take this.'" And further avers that the plaintiff in error "did depose and swear amongst other things, in substance * * * that as the said A. F. Meyers came out of the door with the said J. H. Cremar, the said J. W. Thompson saw the said A. F. Meyers hand to someone a blue barreled pistol, saying at the time, 'Take this';" and negatives the truth of this statement.

We cannot see any force in the contention of counsel that these allegations do not sufficiently charge that the plaintiff in error swore falsely "in a matter material to the issue or point in question." On the contrary we think, under the rule announced in the foregoing authorities, these averments sufficiently charge that the false testimony was in respect to a matter material in the action in which it was given. Under these allegations evidence was admissible to show in what manner the testimony given by the plaintiff in error became and was material upon the trial of the *Cremar* case.

The evidence introduced for this purpose was in effect that Cremar was charged with the crime of murder for killing one Meyers. It appeared that as an officer he did the shooting in attempting to arrest Meyers. The stenographer who took the notes of the evidence testified that upon the trial he heard the testimony given by Cremar, and that he testified in substance that the reason of his firing the shot was that Meyers resisted arrest and struck him several times, and finally got him by one hand and reached around behind as if to pull a pistol; and that he was fearful of his own life at the time he fired the shot. It was also shown by this witness that one W. H. Ryan was sworn as a witness, and testified that immediately before the shooting by Cremar he saw the deceased, Meyers, pull from his hip pocket a revolver and hold it up. It was also shown by the same witness that the plaintiff in error testified that he saw Meyers and the officer when they came out of the building, and saw Meyers hand a blue barreled pistol to some one and say, "Here, take this." As was said in *Dilcher v. State, supra :*

"A witness may be guilty of perjury, not only by swearing corruptly and falsely to the fact which is immediately in issue, but also to any material circumstance which legitimately tends to prove or disprove such fact; or to any circumstance which has the effect to strengthen and corroborate the testimony upon the main fact."

It requires no argument to demonstrate that the testimony of plaintiff in error tended to corroborate the theory of the defense, and if believed by the jury would necessarily influence their determination as to whether or not the homicide was committed by Cremar under a reasonable apprehension that his life was in danger at the time he fired the shot.

We have examined the errors assigned upon the admission and rejection of testimony, and are unable to see wherein the testimony objected to was not admissible, or that there was any error in the exclusion of that which was rejected. The twelfth and thirteenth assignments of error challenge the ruling of the court below refusing instructions one and three

asked by plaintiff in error.   We think the court committed no error in refusing these instructions.   While the rule stated in instruction number one is correct, it was fully expressed in instruction number nine as given by the court.   The objection to number three is that it included a direction to the jury to acquit defendant unless, among other things, the people had proven beyond a reasonable doubt that the district court of El Paso county had jurisdiction over the case being tried, and in which the oath was administered.   From the record in the former case introduced in evidence by the people, it was clearly shown that the court had jurisdiction of that case, and there was no attempt on the part of plaintiff in error to show the contrary.   If it be conceded that it is within the province of a jury to determine the question of jurisdiction, a question which we do not now decide, nevertheless a submission of that question under the evidence in this case was improper, since it tended to confuse and mislead the jury by creating in their minds a false impression that the court was in doubt as to the sufficiency of this proof, or that there was some evidence in the case controverting the fact of jurisdiction.

The next objection relied on was the giving of instruction number six, which reads as follows:

"The court instructs the jury that the evidence of one witness as to the falsity of the evidence upon which perjury is assigned is not sufficient to warrant a conviction.   If there is but one witness testifying directly to the falsity of the evidence of one charged with perjury, there must be evidence or circumstances corroborating such falsified testimony. There is no rule by which the exact weight of corroborating circumstances requisite to warrant a conviction can be determined, and it must be for the jury to determine whether such corroborating circumstances are sufficient to justify a verdict of guilty."

The particular objection which counsel urge against this instruction is contained in the sentence, "If there is but one witness testifying directly to the falsity of the evidence of the one charged with perjury, there must be evidence or circumstances corroborating such falsified testimony."

It is contended that the effect of this instruction was to convey to the jury that the burden is upon the accused to produce evidence or circumstances corroborating his testimony. It is evident that by using the word "falsified" as describing the testimony to be corroborated, instead of the word "falsifying," as should have been done, to designate the testimony of the witness testifying to the falsity of the oath, was an inadvertent error on the part ef the court; and the sentence quoted, standing by itself, would have the misleading effect claimed by counsel. But we think that the instruction taken as a whole does not convey that idea. It expressly states that the evidence of one witness as to the falsity of the evidence upon which perjury is assigned, is not sufficient; and concludes by informing the jury that it is for them to determine whether the corroborating circumstances are sufficient to justify a verdict of guilty. And when considered in connection with the fact that the people did not rely upon the oath of one witness and corroborating circumstances to show the falsity of the statement, but upon the evidence of four witnesses, it did not mislead the jury.

The next error relied on is the giving of instruction number eight which is substantially in the language of the information, because it leaves to the jury the question of the materiality of the alleged false testimony. That on a trial for perjury, the question of the materiality of the testimony is one of law for the court, is well settled, and in this particular the instruction as given was objectionable. As we have seen from an examination of the testimony, the evidence of plaintiff in error was material, and the district court would have been compelled so to charge, and must necessarily have so found in overruling the motion for a new trial; so that the submission of the question of the materiality of the evidence to the jury, they having found in their verdict that the false testimony was material, in no way prejudiced the rights of plaintiff in error. *State v. Lewis*, 10 Kansas, 157 ; *Montgomery v. State*, 40 S. W. Rep. (Texas) 805.

A further error is predicated upon the overruling of defend-

ant's challenge of the juror, A. L. Bateman. This juror upon
his *voir dire* oath, stated that he had formed and expressed
an opinion as to defendant's guilt or innocence, and that he
still held that opinion. But in answer to questions pro-
pounded by the court, he stated that he could and would lay
aside his opinion and decide the issues under the instructions
of the court and upon the evidence produced, irrespective of
the opinion that he had theretofore formed, and that it should
not in any manner shade or color the conclusion he should
arrive at upon the trial. The court thereupon overruled the
challenge for cause, to which plaintiff in error duly excepted.

Section 2592, Mills' Ann. Stats., provides that:

"No person summoned as a juror in a criminal case shall
be disqualified to serve as such by reason of a previously
formed or expressed opinion with reference to the guilt or
innocence of the accused; *Provided,* The court shall be sat-
isfied, from the examination of the juror or from other evi-
dence, that he will render an impartial verdict, according to
the law and the evidence submitted to the jury in the trial of
such cause."

This statute makes the trial court the trier of the qualifi-
cations of the jurors when challenged on the ground of hav-
ing formed opinions, and it is for that court to determine,
as a matter of fact, whether the juror stands indifferent, and
its finding in that is conclusive and not subject to review by
this court, except in case of gross abuse of discretion on the
part of that court. *Solander v. People,* 2 Colo. 48; *Babcock
v. People,* 13 Colo. 515; *Jones v. People,* 6 Colo. 452.

Upon the showing made, we do not think the court com-
mitted any error in overruling the challenge. Upon a care-
ful examination of the record and consideration of the ob-
jections so ably presented by counsel for plaintiff in error,
we are satisfied that no error intervened upon the trial of the
cause that would justify a reversal of the judgment, and it
is accordingly affirmed.

*Affirmed.*