## No. 11,298.

### MAGEE v. THE PEOPLE.

Decided April 12, 1926.   Rehearing denied May 3, 1926.

Plaintiff in error was convicted of bigamy.

## *Affirmed.*

1. CRIMINAL LAW—*Information—Sufficiency.* An information which describes the offense in the language of the statute, or so clearly that what is charged may be readily understood by a jury, is sufficient.

2. *Information—Sufficiency.* If any essential ingredient of an offense is omitted from an information, advantage thereof may be taken at any stage of the proceedings.

3. *Information—Allegations.* Where knowledge of particular facts is by statute made an essential ingredient of an offense, it must be expressly alleged in the information, otherwise, it need not be averred.

4. *Information—Sufficiency.* While as a general proposition the sufficiency of an information is to be determined from the face of

the pleading, it can not be said that it is a constitutional right of the defendant to invoke the rule at any stage of the proceeding and under every conceivable state of facts.

5. JUDGMENT—*Presumption.* In the absence of anything in the record to the contrary, it will be presumed on review that all proceedings culminating in a final judgment were regular and proper, and the judgment justified by the evidence.

6. CRIMINAL LAW—*Bigamy—Allegation and Proof.* That clause of the bigamy statute (C. L. § 6835) concerning knowledge that a former spouse is still living, constitutes an exception which it is neither for the information to negative, nor for the prosecution in the first instance to disprove. If defendant relies upon the fact that he did not know that his former wife was still alive, he must produce evidence thereof.

7. *Practice—Objections to Information.* Objections to an information should be seasonably made and before a plea of not guilty is entered.

*Error to the District Court of Jefferson County, Hon. S. W. Johnson, Judge.*

Mr. T. E. McINTYRE, Mr. CHARLES VINCENT MULLEN, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE defendant was convicted of the crime of bigamy and sentenced to the penitentiary. Section 6835, C. L. 1921 reads: "Bigamy consists in the having of two wives or two husbands at one and the same time, knowing that the former husband or wife is still alive. If any person or persons within this state, being married, or who shall hereafter marry, do at any time marry any person or persons, the former husband or wife being

alive, the person so offending shall on conviction thereof be punished," etc. This information follows the exact language of the second sentence above quoted. There is no averment therein that the accused at the time of his second marriage knew that his former wife was still alive. The record shows the defendant's formal arraignment, his plea of not guilty and the order setting the case for trial, defendant's objection to introduction of any evidence by the prosecution, the verdict, the orders denying a motion to set aside the verdict and for new trial, the overruling of a motion in arrest of judgment, the judgment and sentence and exceptions thereto. There is no bill of exceptions. No evidence, therefore, appears in the record and there is nothing in the latter to inform this court what particular defense was interposed or what the evidence was.

The only error assigned is to the rulings of the court upon the objection by the defendant, made by various motions and an oral demurrer, which is that the information is fatally defective in that there is no averment therein that the defendant at the time of his second marriage knew that his former wife was then alive. This court has repeatedly announced as a general rule that an indictment or information which describes the offense in the language of the statute, or so clearly that what is charged may be readily understood by a jury, is sufficient. If any essential ingredient of an offense is omitted advantage thereof may be taken, at any stage of the proceedings, even by motion in arrest of judgment after sentence has been pronounced. *Tracy v. People,* 65 Colo. 226, 176 Pac. 280; *People v. Fontuccio,* 73 Colo. 288, 215 Pac. 145; *Johnson v. People,* 33 Colo. 224, 80 Pac. 133, 108 Am. St. Rep. 85.

The general rule is that where the scienter or knowledge of particular facts is by the statute expressly or impliedly made an essential ingredient of the offense, it must always be expressly alleged; but where not an essential ingredient it need not be averred. If only the

naked question of the sufficiency of this information was before us for decision, irrespective of the particular defense made, and without reference to the facts produced at the trial, it might be, under the authorities, that, since the statutory definition of bigamy includes the element of knowledge, the objection of the defendant to the information on that ground would have to be sustained. We do not definitely so decide, however, in view of the fact that the information follows the exact language of the second sentence of the bigamy act which indicates that the general assembly, in not including therein the element of knowledge by the accused, in effect said to the prosecution that where a defense is interposed, as may have been in the case before us, that the accused supposed his former spouse was not living at the time of the second marriage because she had been continuously absent from him for a period of more than five years when he entered into the second marriage scienter or knowledge was immaterial. This is in the nature of aider by verdict. It is true, as a general proposition, that the sufficiency of an indictment or information is to be determined from the face of the pleading, but we cannot say that it is a constitutional right of the defendant to invoke this rule at every stage of the proceeding and under every conceivable state of facts. We think the question before us has, in effect, been resolved adversely to the contention of the defendant here in *Schell v. People,* 65 Colo. 116, 173 Pac. 1141, L. R. A. 1918F, 954. In that case Schell's defense was that he did not know at the time of his second marriage that his former wife was still living, because she had been continuously absent from him for a period of more than five years before the second marriage was entered into. The particular part of the opinion in that case that is pertinent here is found at pages 123, 124 of the reported case where it is said that an allegation in an information for bigamy where the defense made arises out of the continual absence of the former spouse, even though the information, as in that

case, contains an averment that the accused knew that his former wife was living, it was an unnecessary averment in the information, not essential to be proved, and might have been omitted without affecting the charge. In the absence of anything in the record to the contrary we may rightfully indulge the presumption, attending every final judgment of a court of general jurisdiction, that all proceedings therein are regular and proper and the judgment is justified by the evidence. Applying that principle we properly assume here that the defendant at the trial before the jury interposed the defense that he supposed his wife was dead at the time of his second marriage because of her continual absence from him for the statutory period, and we also rightfully assume that the evidence upon that issue justified the jury's finding against the accused. In the Schell case it was also held, among other things, that one who has been a married person and marries a second wife in reliance upon the supposition of his former wife's death because of her continual absence from him for the statutory period, does so at his peril, and if he interposes such a defense in a prosecution of bigamy he must produce the evidence for himself. In effect this clause of the bigamy statute constitutes an exception which it is neither for the information to negative nor for the prosecution, in the first instance, to disprove. If defendant relies upon the same he must produce evidence thereof.

For these reasons we do not find it necessary to determine the abstract question urged upon us by plaintiff in error. We repeat that if an information or indictment either at the common law or under the statute, is clearly defective or insufficient, or omits from the charging part any essential ingredient of an offense, advantage of it may be taken at any stage of the trial. This court, however, does not look with favor upon a practice that permits an accused to be mute with his objections until after a plea of not guilty is entered which properly may be seasonably made before. This case illustrates what is so

frequently an abuse of a right or privilege. We do not intimate that the able counsel for defendant deliberately withheld his objections until after a plea of not guilty was entered in order to make it impossible for the prosecutor to cure the information by filing an amendment thereto or filing a new information. Such might be the motive in some cases. It is not impairing the constitutional rights of a defendant to require that objections to the information to be available on review, shall seasonably be made, and before a plea of not guilty is entered, unless an indictment or information lacks one or more of the essential ingredients of the offense. And even in such a case it is better practice to make all objections to the information before such plea.

In *People v. Fontuccio, supra,* it was stated that, after the record shows arraignment and plea, a motion to quash made thereafter would be too late. The record here shows an arraignment and a plea before any objection of any nature was made to this information, the first objection thereto being after the jury was impanelled and sworn and the trial entered upon.

The judgment is affirmed.