No. 13,539.

Treece v. The People.
(40 P. [2d] 233)

Decided December 17, 1934.

Mr. M. B. WALDRON, Mr. JEAN S. BREITENSTEIN, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. CHARLES H. QUEARY, Assistant, for the people.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

MAY 4, 1934, in the district court of the City and County of Denver, after objections made at the beginning of the trial to the introduction of any testimony; objections to the testimony of each witness; and after motions to strike the testimony of each witness and motion for a directed verdict, all of which were overruled, the defendant J. Dale Treece was convicted of perjury and sentenced to serve a term of 18 months to two years in the state penitentiary on the following indictment, which had been theretofore returned by a Denver grand jury:

"That J. Dale Treece, on, to-wit: the twenty-eighth day of February, A. D. 1934, * * * appeared as a witness before the Grand Jury of the City and County of Denver, State of Colorado, which was then and there regularly called, chosen, selected and sworn, and in regular session in a judicial inquiry and proceeding then and there pending before said Grand Jury, and after having been duly sworn in such judicial inquiry and proceeding by Richard L. Fisher, Foreman of said Grand Jury, and

who was competent and authorized to administer oaths; that the evidence which he the said J. Dale Treece should give in such judicial inquiry and proceeding touching the matters in question should be the truth, the whole truth and nothing but the truth, did commit the crime of perjury by wilfully, knowingly, corruptly, falsely and feloniously, swearing falsely and giving false testimony in said judicial proceedings in regard to matters which were material to the issues and points in question in such judicial proceedings, to this, to-wit:''

Then follows a statement of Treece's testimony, alleged to have been false; namely, that Treece testified that he "had never donated, delivered or turned over to one James W. Furlong, seventeen hundred dollars in money * * * at any time or any place"; that he "did not agree with James W. Furlong, and other persons whose names to the grand jury are unknown, to raise and collect certain sum or sums of money and did not donate any said sum or sums of money to be delivered to the said James W. Furlong for the purpose of providing a defense fund or other fund, the name of which to the grand jury is unknown, said fund to be used and expended with members of the State Legislature of the State of Colorado''; that he "had taken no part, and had done no thing or things towards the raising of a defense fund or other fund, the name of which is to the grand jury unknown"; and that he "never raised, attempted to raise, or take any part in the raising of a so-called defense fund and other fund, the name of which is to the grand jury unknown.''

Motion for a new trial was overruled and motion in arrest of judgment was unavailing.

The sole defense was, and now is, that the indictment was insufficient to charge perjury, in that it did not allege the subject or nature of the inquiry which was before the grand jury at the time defendant gave the alleged false testimony. He first made this objection after the jury was sworn and witness called, and contended then, and

now contends, that the following statutes require that the *substance* of the offense be set forth:

Section 6776, Compiled Laws of 1921: "Every person having taken a lawful oath or made affirmation in any judicial proceeding, or in any other matter where by law an oath or affirmation is required, who shall swear or affirm wilfully, corruptly and falsely in a matter material to the issue or point in question, or shall suborn any other person to swear or affirm as aforesaid, shall be deemed guilty of perjury or subornation of perjury, as the case may be, and upon conviction thereof shall be punished by confinement in the penitentiary for a term not less than one year nor more than fourteen years."

Section 6779, Compiled Laws of 1921: "In every indictment for perjury or subornation of perjury it shall be sufficient to set forth the substance of the offense charged upon the defendant, and before what court or authority the oath or affirmation was taken, averring such court or authority to have had full power to administer the same, together with the proper averment or averments to falsify the matter or matters wherein the perjury is assigned, without setting forth any part of the record or proceedings either in law or equity other than as aforesaid, and without setting forth the commission or authority of the court or other authority before whom the perjury was committed, or the form of the oath or affirmation or the manner of administering the same."

It is well settled in this jurisdiction that if the indictment is defective merely in matters of form, then the objections thereto must be made previous to trial, but if, as claimed here, an essential ingredient of an offense is omitted, advantage thereof may be taken at any stage of the proceeding and as late as a motion in arrest of judgment after sentence. *Tracy v. People,* 65 Colo. 226, 176 Pac. 280; *People v. Fontuccio,* 73 Colo. 288, 215 Pac. 145.

When subjected to a trial on an indictment for perjury alleged to have been committed before a grand

jury when it was inquiring into an issue or point in question, the defendant is entitled to be advised by the indictment, what the issue is, or as to the nature of the point in question, so that he may prepare himself to show, if he can, that though the testimony be false, it was not material; therefore the issue or point in question, and the matter under inquiry, must be stated. *"The point in question,"* as stated in the statute, relates to the subject matter of the investigation and not to a particular question asked or answered.

There is abundant authority to serve as a guide in preparing an indictment for perjury committed before a grand jury, and which establishes the proposition that it should set forth the subject matter of the investigation in which the alleged false testimony was given. 48 C. J. 870; 2 Wharton's Criminal Law (12th Ed.), p. 1815.

In the case under consideration, the averment of any fact, which would shed any light as to the nature of what was being investigated by the grand jury, is glaringly absent. Facts, not conclusions, must be averred. From the facts appearing on the face of the indictment, the court must determine, as a matter of law, whether or not the alleged false testimony is material to the issue. This cannot be done where no such statement of fact appears. In the case of *Stonebraker v. People,* 89 Colo. 550, 4 P. (2d) 915, this court determined the materiality of the alleged false testimony, and it was able to do so because the charge specifically set out the nature of the proceedings wherein such occurred. In all the Colorado cases dealing with perjury, wherein the indictment is set out, the specific nature of the issue or subject of investigation is affirmatively pleaded. The people place much reliance on the case of *Thompson v. People,* 26 Colo. 496, 59 Pac. 51, which may be said to be the leading Colorado case on perjury. This case is to be distinguished because there, the contention was made that the information was defective in that it did not appear by express averment, or statement of facts from which it might be presumed,

that the court had jurisdiction of the case being tried, and because *it did not set forth in what manner the testimony of defendant Thompson was material to the issue.* The information in the Thompson case contained these words: "And at and upon the trial of the issue so joined between the parties aforesaid, it then and there became and was a material question whether upon the evening of August 11th, 1897, after the shooting of one A. F. Meyers by the said J. H. Cremar, and while the said J. H. Cremar was leading the said A. F. Meyers from the store in which the said shooting had occurred, and upon the sidewalk in front thereof, the said A. F. Meyers handed to any one a pistol or revolver of any kind, saying at the time 'take this' ''; that Thompson swore that at the specified time and place, he "saw the said A. F. Meyers hand to some one a blue barreled pistol, saying at the time, 'take this'; whereas in truth and in fact the said A. F. Meyers * * * did not hand to anyone a blue barreled pistol * * * or weapon of any kind." This court said, "Nor is the information defective because of the failure to set forth how or in what way the evidence alleged to be false was material to the issue," also, "It is well settled that it is sufficient if its materiality appears either from the facts alleged, or by direct averment." This is a recognition of the necessity that an issue be stated. Materiality cannot appear or be determined from the *bare averment that it is material.* In the case at bar, the question is not as to in what manner the evidence was material, but the failure of the indictment to in anyway reveal the nature of the "issue or point in question." This is a matter of substance and not of form, it is the opposite of form, and goes to the merits of the case, and as such the question could be raised at any stage of the proceedings. *Magee v. People,* 79 Colo. 328, 245 Pac. 708.

Even though it could be said that no substantial right of the defendant herein was prejudiced, we should not be called upon to approve, as good pleading, an indict-

ment so loosely drawn, when reference, without study, to the wealth of existing authorities, would have shown that there must be a compliance with certain essential requirements. Such an approval could lead to great abuse. It might be wholesome law that deliberate false swearing before any court or jury would be deemed perjury regardless of the question of materiality, but our Legislature has not so declared, and not being endowed with legislative functions, we must apply the law as we find it.

These conclusions lead to the determination that the judgment below must be reversed.

Mr. Justice Butler, Mr. Justice Campbell and Mr. Justice Burke dissent.

Mr. Justice Butler, dissenting.

I am unable to concur in the reversal of the judgment or in the reasons assigned for such reversal.

On February 28, 1934, the Denver grand jury was investigating reports concerning bribery of state legislators. On that day J. Dale Treece, the plaintiff in error, was duly sworn by the foreman of the jury and gave testimony material to the matter then under investigation. Thereafter he was indicted for perjury in giving such testimony. At his trial on that charge, it was proved without contradiction that his testimony before the grand jury was wilfully and corruptly false. Treece offered no evidence whatever to contradict or explain the people's evidence. His sole defense was and is that the indictment was insufficient to charge perjury, in that it did not allege the subject or nature of the inquiry in which the grand jury was engaged at the time he gave his testimony. It is said that without such allegation the court cannot determine as a matter of law whether the grand jury was investigating a matter it had authority to investigate, or whether the testimony given by Treece was material to the matter being investigated. That ob-

jection was made for the first time after the trial commenced.

Section 6779 of the Compiled Laws is quoted in the majority opinion. It is substantially the same as the statute of 23 George II, chapter 11, which was intended to do away with the hypertechnical requirements of the common law which often resulted in the acquittal of guilty parties upon mere technicalities and without regard to the merits of the case. Under that statute the English courts held that, for the purpose of showing jurisdiction in an indictment for perjury, it was sufficient to set forth the substance of the offense (i. e., the perjury), the name of the court before whom the oath was taken, and aver the court's authority to administer the oath. *Thompson v. People,* 26 Colo. 496, 59 Pac. 51; *Fitch v. Commonwealth,* 92 Va. 824, 24 S. E. 272. An express allegation that the court or the grand jury had jurisdiction of the case or of the matter under investigation is not required, it being sufficient, for the purpose of showing jurisdiction, to allege that the court or the foreman of the grand jury had authority to administer the oath in question. *Thompson v. People, supra; Markham v. United States,* 160 U. S. 319, 16 Sup. Ct. 288.

The statutes of some other states provide that it is sufficient to set forth "the substance *of the controversy in regard to which the offense was committed,*" etc. See *State v. Witham,* 6 Ore. 366; *People v. Gillette,* 111 N. Y. S. 133, 137; *People v. Ah Bean,* 77 Cal. 12, 18 Pac. 815; *State v. Reidt,* 54 S. D. 178, 222 N. W. 677. Under such a statute the court, in the Ah Bean case, supra, held sufficient in that respect an indictment that stated the name of the court, the cause in which the alleged evidence was given, that the cause was at issue—*without stating what the issue was*—the evidence given, and that such evidence was material to the issue. The court said:

"There are two modes by which the materiality of the alleged false statement may be shown in criminal pleading: 1. By setting forth the nature of the issue, and the

evidence given thereon, so that, as a matter of law, it may be said the testimony upon which the perjury is assigned is material to the issue; 2. By showing an action at issue in a court of competent jurisdiction, the testimony given, its willful and felonious falsity, coupled with the averment that it was *material to the issue.*

"The difference in the two methods consists in *showing* the materiality of the testimony in the one case and merely *averring* it in the other."

And in the Reidt case, supra, the court upheld an information that charged that the defendant falsely testified that he had not been engaged in handling intoxicating liquors, after having taken an oath in an action pending in the circuit court in H. county, a named judge presiding, in an action entitled "State of South Dakota v. H. F." and others—*without stating what the issue was*—and that the false testimony related to a material matter in the pending cause. The court referred to a statutory provision similar to section 6779, supra, and to another provision to the effect that it is sufficient if the, offense charged is designated in such a manner as to enable a person of common understanding to know what is intended, and said: "The nature of the testimony alleged to have been falsely given shows plainly that the action was for the violation of some provision of the intoxicating liquor law."

Even if our statute provided that it is sufficient to set forth the substance of the matter *being investigated* by the grand jury, the indictment would be sufficient, for the nature of the testimony alleged therein to have been given by Treece shows sufficiently the matter under investigation. But it is important to note that our statute (§6779, supra) provides that it shall be sufficient to set forth, not the substance of the matter under investigation by the grand jury, but "the substance *of the offense charged upon the defendant,*" etc.

In *Thompson v. People, supra,* the information alleged, in part, that in a certain criminal case coming on to be

heard "on a certain issue"—*not stating what the issue was*—between the people and one Creamer, Thompson was sworn as a witness to testify the truth "touching the matters in question,"—*not stating what they were;* "that it became and was a material question" whether at a stated time and place one Meyers handed to anyone a pistol, saying, "Take this"; that Thompson swore that at the specified time and place witness saw Meyers hand a pistol to someone, saying "Take this"; whereas in truth Meyers did not hand a pistol to anyone. The information was held to be sufficient. We said, inter alia: "We cannot see any force in the contention of counsel that these allegations do not sufficiently charge that the plaintiff in error swore falsely 'in a matter material to the issue or point in question.' On the contrary we think, under the rule announced in the foregoing authorities, these averments sufficiently charge that the false testimony was in respect to a matter material in the action in which it was given."

In addition to section 6779, supra, we have section 7062, Compiled Laws, which provides: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of this code, or so plainly that the nature of the offense may be easily understood by the jury."

The indictment before us sets forth the substance of the offense charged, and sets it forth so plainly that neither the defendant, nor his counsel, nor the jury could have misunderstood its nature. It is not claimed that there was any misunderstanding on the part of anyone with reference thereto.

In my opinion, the indictment is sufficient.

But assuming that the indictment was defective in the particular claimed, Treece would not be entitled to a reversal of the judgment.

Section 7068 of the Compiled Laws provides: "All exceptions which go merely to the form of an indictment

shall be made before trial, and no motion in arrest of judgment or writ of error shall be sustained for any matter not affecting the real merits of the offense charged in such indictment.''

And section 7103, Id., declares that: "* * * no indictment or information shall be deemed insufficient, nor shall the trial, judgment or other proceedings thereon be reversed or affected by any defect which does not tend to prejudice the substantial rights of the defendant on the merits.''

Those two sections and sections 6779 and 7062, supra, were intended to prevent the escape of guilty persons upon technical grounds not affecting their substantial rights.

It is not suggested that any substantial right of Treece was prejudiced in any manner or to any extent by the fact that the indictment did not allege the matter that was under investigation by the grand jury. Treece does not claim that the absence of such allegation handicapped him in the preparation of his defense. Indeed, he does not suggest that he had any defense on the merits, and the record shows conclusively that he had none.

I respectfully submit that there is nothing in the record to justify a reversal of the judgment, and that the judgment, therefore, should be affirmed.

Mr. Justice Campbell and Mr. Justice Burke concur herein.