## No. 13835.

### Papas *v.* The People.
(55 P. [2d] 1330)

Decided February 10, 1936. Rehearing denied March 23, 1936.

Mr. William A. Bryans, Mr. S. Harrison White, for plaintiff in error.

Mr. Paul P. Prosser, Attorney General, Mr. Walter F. Scherer, Assistant, for the people.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

The plaintiff in error, defendant below, was tried and convicted of perjury in the district court of Pueblo county and sentenced to the penitentiary for a term not less than one year nor more than 18 months. Defendant, with his brother, operated a restaurant in Denver, Colorado. They had in their service as a waitress, one Helen Lombardi, who, with Emma Lou Batcha, was charged in the district court of Pueblo county with having committed the crime of aggravated robbery in that county on August 20, 1934. One of the defenses was an alibi. In that case plaintiff in error, Papas, testified for defendant Lombardi that she was in Denver working in his restaurant on the day the robbery was alleged to have been committed in Pueblo county. He was asked on cross-examination if he had not stated in substance to three officers, who he admitted were in his place of business in Denver on August 21, 1934, that Helen Lombardi was not in his restaurant all day on August 20, 1934. He denied that he had made such statement to them. All the officers testified that he did make the statement at the time and place mentioned. Clearly the fact of such statement having been made, if it was so made, was material to impeach his testimony given on the trial of Helen Lombardi to the effect that she was in Denver at work in his restaurant on the day she was

charged with having committed a robbery in Pueblo. If Papas knowingly falsely testified under oath that he did not so state to the officers, he falsely swore to a fact material to the issue under investigation, namely, his credibility as a witness in the trial of Helen Lombardi. Nor did the materiality of such statement depend upon whether Helen Lombardi was or was not in fact in Denver at the time she was charged with committing a crime in Pueblo. The point in question was his credibility, and previous statements, inconsistent with his testimony on the trial, were material and admissible for consideration by the jury in determining what weight, if any, should be given to his testimony. To hold that perjury cannot be predicated on a false statement of fact under oath made with knowledge of its falsity, when that fact may be the determining factor in the minds of jurors as to whether they will believe his testimony and acquit, or disbelieve it and convict, would be saying to a witness, "your previous inconsistent statements are material to your credibility, but when your credibility is called in question you may lie about former inconsistent statements with impunity." The law does not sanction such a fraud upon courts and juries.

In *Thompson v. People,* 26 Colo. 496, 59 Pac. 51, we held, that to be material to the issue the matter need not be on the primary issue raised by the plea or involved in the case, and we quoted with approval in that case the following from *Dilcher v. State,* 39 Ohio State, 130: "A witness may be guilty of perjury, not only by swearing corruptly and falsely to the fact which is immediately in issue, but also to any material circumstance which legitimately tends to prove or disprove such fact; or to any circumstance which has the effect to strengthen and corroborate the testimony upon the main fact."

Having determined that perjury may be predicated on such false testimony, given with knowledge of its falsity, two things necessary to the disposition of this case remain for determination: 1. Is the information

sufficient? 2. If so, did the evidence support the conviction under it? We think both questions must be answered in the affirmative. We shall consider them in order.

The information, omitting the formal parts, was as follows: "* * * that George Papas on or about the thirteenth day of October, A. D. 1934, within the county of Pueblo, state of Colorado, did then and there before Division B of the district court of the Tenth Judicial District of the state of Colorado, sitting within and for the county of Pueblo, state of Colorado, the Honorable John H. Voorhees, one of the judges of said court, presiding in a certain criminal case and prosecution coming on to be heard wherein the people of the state of Colorado were plaintiff and Emma Lou Batcha, alias Emma Lang, alias Mildred Phillips, and Helen Lombardi, alias Sylvia Stover, were defendants upon a certain issue therein between the people of the state of Colorado and the said Emma Lou Batcha, alias Emma Lang, alias Mildred Phillips, and Helen Lombardi, alias Sylvia Stover, of which said cause said court had full jurisdiction, and which was then and there tried by a jury in that behalf, duly sworn between the parties aforesaid, upon which trial the said George Papas then and there was cited as a witness for and on behalf of the said defendants, and was then and there duly sworn before the said Honorable John H. Voorhees, judge of the said court as aforesaid, by E. F. Nichols, the clerk of said district court, that the evidence which the said George Papas should give to the court then and there and to the jury so sworn as aforesaid, touching the matters in question in said cause wherein the people of the state of Colorado were plaintiff and Emma Lou Batcha, alias Emma Lang, alias Mildred Phillips, and Helen Lombardi, alias Sylvia Stover, were defendants, should be the truth, the whole truth and nothing but the truth, he, the said E. F. Nichols, as clerk of said district court aforesaid, then and there having full power and lawful authority to administer said oath to the said George Papas in that behalf, and at and upon

the trial of the issue so joined between the parties aforesaid, it then and there became and was material to said issue and point in question between the parties aforesaid as to whether the said George Papas at his place of business in Denver, Colorado, on the 21st day of August, 1934, stated to one Earl Dunlap, one Lee Raedal and one John Walker in substance as follows: That Helen Lombardi had not worked at his place of business on August 20, 1934, and that Helen Lombardi did not show up at all on Monday, August 20, 1934; and that the said George Papas, so sworn in said cause as aforesaid, then and there in the trial of the said issue, upon his oath aforesaid, feloniously, wilfully, corruptly and falsely, before the said jurors so sworn as aforesaid, and the Honorable John H. Voorhees, judge of said court as aforesaid, did depose and swear among other things, in substance and to the effect following, that is to say: That he did not tell or say to the said Earl Dunlap, Lee Raedal and John Walker that Helen Lombardi had not worked at his place of business in Denver, Colorado, on the 20th day of August, 1934; and that he did not tell or say to the said Earl Dunlap, Lee Raedal and John Walker that Helen Lombardi did not show up at all on Monday, August 20, 1934; and whereas, in truth and in fact the said George Papas did then and there on the said 21st day of August, 1934, at his place of business in Denver, Colorado, tell and say to the said Earl Dunlap, Lee Raedel and John Walker, in substance, that the said Helen Lombardi had not worked at his place of business in Denver, Colorado, on the 20th day of August, 1934, and did tell and say to the said Earl Dunlap, Lee Raedal and John Walker in substance, on the said 21st day of August, 1934, at his place of business in Denver, Colorado, that Helen Lombardi did not show up at all on Monday, August 20, 1934, all of which he, the said George Papas, well knew, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the state of Colorado.''

The information was attacked by demurrer and to the ruling of the court thereon, adverse to defendant, appropriate exceptions were saved and error assigned. The grounds of attack necessary to be noticed were as follows:

1. ''That said * * * Information does not state what matter was judicially pending, and does not state or specify the alleged public offense theretofore being investigated in this court, and wherein and during which, the defendant is charged in this Information with corruptly violating an oath administered to him in said prior proceeding.''

2. ''That the allegations contained in said Information are conclusions and not averments of fact.''

3. ''That the * * * Information does not allege that the defendant testified to facts as being true, but which when he thus testified, he knew to be false.''

4. ''That it appears from the allegations of the Information that the defendant made contradictory statements while not under oath from statements in said (information) alleged to constitute the assigned perjury, and that in this respect the said (information) wholly fails to allege the materiality and applicability of such alleged contradictory statement to the assigned perjury herein.''

Defendant contends that in the particulars specified the information does not comply with sections 6776 and 6779, C. L. 1921, which are as follows:

''6776. Every person having taken a lawful oath or made affirmation in any judicial proceeding, or in any other matter where by law an oath or affirmation is required, who shall swear or affirm wilfully, corruptly and falsely in a matter material to the issue or point in question, or shall suborn any other person to swear or affirm as aforesaid, shall be deemed guilty of perjury or subornation of perjury, as the case may be, and upon conviction thereof shall be punished by confinement in the peni-

312

tentiary for a term not less than one year nor more than fourteen years.''

''6779. In every indictment for perjury or subornation of perjury it shall be sufficient to set forth the substance of the offense charged upon the defendant, and before what court or authority the oath or affirmation was taken, averring such court or authority to have had full power to administer the same, together with the proper averment or averments to falsify the matter or matters wherein the perjury is assigned, without setting forth any part of the record or proceedings either in law or equity, other than as aforesaid, and without setting forth the commission or authority of the court, or other authority before whom the perjury was committed, or the form of the oath or affirmation or the manner of administering the same.''

A comparison of the foregoing information and the information in the case of *Thompson v. People, supra*, makes it clear that the district attorney, in all essential particulars, followed the form of the information approved in the Thompson case, which was attacked on the ground, ''First, that the information is fatally defective in matters of substance. * * * In support of the first ground it is contended that the information is defective because it does not appear, either by express averment or a statement of facts from which it might be presumed, that the district court of El Paso county had jurisdiction of the case in the trial of which the perjury is alleged to have been committed; and because it does not set forth in what manner the testimony of the defendant was material to the issue.'' There was set forth in substance the same objection as is made by defendant in this case under 1 and 2, supra. On this question our statements in that case are equally applicable to the case at bar and dispose of defendant's said objections 1 and 2. We said: ''While it is true that the information does not contain an express averment that the district court of El Paso county had jurisdiction of the case in which the alleged

false testimony was given, it does aver that upon the trial of a certain criminal case, of which that court prima facie had cognizance, the plaintiff in error was duly sworn as a witness by the deputy clerk, and that he had sufficient authority to administer the oath. We think, therefore, that in this particular the information not only conforms to the requirements of the statute, but by necessary implication states that the proceeding in which the oath was administered was one over which the district court had jurisdiction. Nor is the information defective because of the failure to set forth how or in what way the evidence alleged to be false was material to the issue. It is well settled that it is sufficient if its materiality appears either from the facts alleged, or by direct averment.''

As to the third objection, that ''the * * * Information does not allege that the defendant testified to facts as being true, but which when he thus testified, he knew to be false,'' it is sufficient to say that a reading of the information itself furnishes a complete answer. Stripped of all nonessentials, the information charges that whether the defendant had made a certain statement, (a) became and was material to the issue and point in question in a certain trial; (b) that on the trial defendant swore that he did not make the statement; (c) that defendant did in fact make the statement. It is further stated in the very language of the statute, section 6776, C. L. 1921, that the defendant feloniously, ''wilfully, corruptly, and falsely'' swore that he did not make such statement to the persons at the time and under the conditions charged.

In *Williams v. People,* 26 Colo. 272, 57 Pac. 701, which was a case in which the defendant was convicted of the crime of perjury, our court used the following language: ''Among other essential elements of the crime of perjury under our statute (Gen. Stats. 1883, sec. 787; 1 Mills' Ann. Stats. sec. 1270) [Now section 6776, C. L. 1921] which, of course, must be set out in an information, is

that the oath or affirmation was taken or made 'wilfully, corruptly and falsely.' The charging part of the information here is that the defendant 'feloniously, unlawfully, corruptly and falsely' did testify, etc."

In the instant case the district attorney has done exactly what the district attorney in the Williams case was criticized by this court for not doing. The information charges that the defendant "feloniously, wilfully, corruptly and falsely" swore that he did not make the statement and then charges that he did make the statement, and concludes with the further allegation "all of which he, the said George Papas, well knew." With these allegations in the information, it is not conceivable that the defendant was not advised that he was charged with swearing falsely that a certain fact was true, with knowledge of its falsity. To hold otherwise requires so "skillful an elimination of the obvious" that it would not be attempted except by one versed in the technicalities and evasions of the criminal law.

The fourth objection, "That it appears from the allegations of the information that the defendant made contradictory statements while not under oath from statements in said information alleged to constitute the assigned perjury, and that in this respect the said information wholly fails to allege the materiality and applicability of such alleged contradictory statement to the assigned perjury herein," is based on a misconception of the charge contained in the information. The charge is that the defendant, knowing *that he had told* the officers that Helen Lombardi was absent from Denver on a certain date, "feloniously, wilfully, corruptly and falsely" swore *that he had not told* them she was absent on that date. It was not the fact of her presence in, or absence from, Denver that was material to the issue, but what the defendant *had said* about her *presence* or *absence* that was material to the point in question, which was his credibility as a witness. If she was in Denver on the date in question and on her trial he swore *truthfully* that she

was there, it still was material for the jurors, on whom rested the burden of determining his truthfulness, to consider the fact, if it was a fact, that he had stated to the officers, even though *untruthfully,* that she was not there. It was what he said and whether he said it to the officers, and not the truthfulness of his statement, that was relevant and material on the point in question—his credibility as a witness.

In the Thompson case, we said: ''That on a trial for perjury, the question of the materiality of the testimony is one of law for the court.'' Prior to trial it is sufficient if materiality appear in the information in either of two ways: (a) By a setting forth of so much of the testimony or by a recital of such facts that the court can say as a matter of law that it was material. (b) By a direct averment that it was material, as in the instant case, where it is stated in *the language of the statute* (Sec. 6776, C. L. 1921, supra) that ''it [the testimony] then and there *became and was material to said issue and point in question* between the parties.''

Section 7062, C. L. 1921, provides: ''Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of this Code.'' If this language means anything it must mean that a charge so worded that it is ''sufficiently technical and correct,'' also sufficiently sets forth the substance of the offense. To hold otherwise would be an absurdity. If an indictment is ''correct'' when it charges in the words of the statute, then it must contain the substance of the offense. Section 6779, C. L. 1921, supra, reads in part: ''In every indictment for perjury * * * it shall be sufficient to set forth the substance of the offense charged.'' We hold therefore that the materiality of the testimony charged to be perjured appears by averment.

The analysis we have made of the issue involved disposes of the contentions made by defendant that the evidence was not sufficient to support the conviction. The

information on which Helen Lombardi was being tried at the time the alleged perjured testimony was given was introduced in evidence without objection from the defendant and shows that she is alleged to have participated in a robbery in Pueblo on August 20th. The evidence is clear that the defendant testified that he did not make the statement to the three officers that Helen Lombardi was not in Denver on the date of the robbery. Each of the three officers testified to the fact that defendant did make such a statement. Whether it was or was not made was a matter of conflicting evidence which the jury resolved against the defendant, and we are not at liberty to disturb its finding.

Defendant relies for a reversal on our holding in the case of *Treece v. People*, 96 Colo. 32, 40 P. (2d) 233. A reading of the opinion in that case discloses an attempt to harmonize it with the holding in the Thompson case, rather than a specific intention to overrule it. Statements are made by the court in the majority opinion in the Treece case which, taken as announcements of general propositions of law, unrelated to the specific facts of that case, have the effect of overruling the Thompson case. The strong dissenting opinion of Mr. Justice Butler, concurred in by Justices Burke and Campbell, shows that they considered it as announcing a doctrine contrary to that of the Thompson case. The Treece case involved an alleged perjury in testimony given before a grand jury and therefore is distinguishable from the Thompson case and from the case here under consideration. The distinction should be pointed out, since it appears to have been overlooked. It will be observed that in the instant case and in the Thompson case it was set out in the information that the testimony was given in the trial of a certain criminal case in a certain court in which the people were plaintiffs and certain named parties were defendants, and that the matter was material to the issue involved in each case. In the Thompson case it was held

that we take judicial notice of the general jurisdiction of district courts in all criminal cases. We also may take judicial notice that in the trials of such cases the admission of evidence is under the control of the trial judge, who is charged with the duty of admitting only such as is competent and material. A grand jury is a body composed of laymen. Its deliberations are held in secret and the testimony elicited from any witness before that body may or may not be material to the question under investigation by it. A defendant charged with perjury before it may have no clear conception of the issue being investigated. There are no records of the issue involved available to a defendant so charged, to which he may have recourse to determine the issue or the materiality of his testimony in the case under investigation. The records of the district court of Pueblo county are available to show the issue involved in the case in which perjury is charged in the information here under consideration. In the perjury charged in the Treece case it was possible that the witness might not know, and not knowing, would not be able to discover, the subject-matter of the investigation in which his testimony was given. There is no possibility in the instant case that defendant could have been misled, because the issue in the case in which perjury is alleged is a matter of public record available to him and his attorneys, so that he and they could determine as well as the people the materiality of the testimony charged to be perjured.

For the foregoing reason the Treece case is distinguishable from the Thompson case and from the instant case. The general statements contained in the Treece case, which appear to have the effect of overruling the Thompson case, should be held, and we do hold them, strictly applicable to the specific facts of the Treece case, and not the announcement of general principles having the effect of overruling our holding in the Thompson case. Sound logic, as well as our holding in the Thomp-

son case, necessitates an affirmance of the judgment of the trial court herein.

The judgment is affirmed.

For the reasons stated in the foregoing opinion and those stated in the dissenting opinion in *Treece v. People*, 96 Colo. 32, 40 Pac. (2d) 233, Mr. Justice Butler concurs in the affirmance of the judgment.

Mr. Justice Hilliard and Mr. Justice Holland dissent.

Mr. Justice Holland, dissenting.

The statement of the case contained in the majority opinion is based upon the evidence permitted by the trial court to be introduced under a defective information. From such a statement of the issues, or from the evidence, the materiality of the alleged perjured testimony can be determined, but I challenge the ability of the writer of the majority opinion or any of the concurring Justices, to determine such materiality from the four corners of the information, and this the trial court was called upon to do when its sufficiency was challenged by demurrer. He could not look elsewhere.

On the question of the sufficiency of the information, in that the materiality of the alleged perjured testimony does not appear, there is no distinction, and I contend none can be made, between the case at bar and that of *Treece v. People*, 96 Colo. 32, 40 P. (2d) 233, which to date stands as the pronouncement of this court of the law upon that question.

Much reliance seems to be placed upon the following language of the opinion in *Thompson v. People*, 26 Colo. 496, 59 Pac. 51: "Nor is the information defective because of the failure to set forth how or in what way the evidence alleged to be false was material to the issue. It is well settled that it is sufficient if its materiality appears either from the facts alleged, or by direct averment."

The majority seems convinced that these words, "It then and there became and was material to said issue and point in question between the parties aforesaid," as used in the information, is a direct averment of materiality and meets the rule quoted from *Thompson v. People, supra.* It is not necessary to attempt to set forth how or in what manner the evidence is material, but the materiality must appear. The word "appears" is all-important in the above quotation from the Thompson case. There should be no misapprehension as to the meaning of the words "direct averment." An averment is a positive statement of fact, as opposed to an argumentative or inferential one. Particular or direct averments are the assertions of particular facts. The majority opinion quotes section 6779, Compiled Laws of 1921, as follows: "In every indictment for perjury * * * it shall be sufficient to set forth the substance of the offense charged." And then the opinion states, "We hold therefore that the materiality of the testimony charged to be perjured appears by averment." The substance of the offense charged against this defendant was that he swore falsely. Section 6776, Compiled Laws of 1921, requires the false swearing to be "* * * in a matter material to the issue or point in question. * * *." Are we to accept, as sufficient, the opinion or conclusion of the pleader in making the bare averment "That it then and there became and was material"? The majority opinion says, that "Prior to trial it is sufficient if materiality appear in the information in either of two ways: (a) By a setting forth of so much of the testimony or by a recital of such facts that the court can say as a matter of law that it was material. (b) By a direct averment that it was material, as in the instant case, where it is stated in the language of the statute, * * * that 'it then and there became and was material to said issue and point in question between the parties.' " This follows approval of the opinion in the Thompson case, which says, "That on a trial for perjury

the question of the materiality of the testimony is one of law for the court.''

According to the majority opinion, it seems from subdivision (a) that sufficient facts must be set forth to enable the court to say as a matter of law that it was material, and subdivision (b) indicates that the bare statement or conclusion of the pleader, without sufficient recital of facts, would be sufficient. This presents an inconsistency that I cannot accept as being the law.

The majority opinion further states that there was no possibility that the defendant could be misled, because what was lacking, as appeared from the face of the information, defendant could ascertain from the public record, available to him, and he also could determine from the record the materiality of the testimony charged to be perjured. Such requirements are not imposed upon defendants in criminal cases, and this statement in the opinion is equivalent to saying that the materiality does not sufficiently appear upon the face of the information, but intimates by way of direction, where the materiality may be determined, and that it would be from the record of the case to which reference is made, and not the information.

I respectfully dissent.

MR. JUSTICE HILLIARD concurs in this dissenting opinion.