No. 18,125.

M. G. MARRS *v.* PEOPLE OF THE STATE OF COLORADO.

(312 P. [2d] 505)

Decided June 10, 1957.

Mr. WM. ATHA MASON, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error, herein referred to as defendant, seeks by writ of error to reverse a judgment and sentence imposed pursuant to trial and verdict finding him guilty of perjury.

It appears that in July 1955 an action was brought in the district court of Moffat County wherein defendant and others interested in a privately owned water pipeline in Blue Mountain City were named as defendants. The suit involved the operation and management of this private water line and in October 1955 the district court appointed a Receiver to operate and manage the pipeline and enjoined all persons, including defendant, from interfering with the Receiver or any of his operations as such. As a result of certain acts allegedly occurring on November 26, 1955, a petition was filed in the district court charging defendant with violation of the injunctive order, and a citation was issued requiring defendant to appear before the court to show cause why he should not be adjudged guilty of contempt. In January 1956 hearings were had in connection with said citation and as a defense defendant interposed an alibi, i.e., that he had not interfered with the pipeline because he was not in the vicinity thereof and in fact had gone to and was in Vernal, Utah, at the time the Receiver claimed defendant tampered with the pipeline on which the Receiver's agents were working. Defendant so testified at the contempt hearing and it is admitted that he was duly sworn and that the trial court had jurisdiction of the matter. In that proceeding defendant was adjudged

in contempt and a fine of one hundred dollars was imposed.

Thereafter and on May 12, 1956, the district attorney filed an information charging that defendant testified falsely on points material to the issue in the contempt proceeding, when he swore that between 8:00 A.M. and 4:00 P.M. on November 26, 1955, he did not interfere with or open or close a valve on the pipeline; that he did not interfere with the Receiver's workmen then engaged in repairing said pipeline; that he did not see one Ward (an employee of the Receiver) on said date; that he was not in or around Blue Mountain or said pipeline on said date; that he was in Vernal, Utah, at said time and was accompanied on that trip by one McCormick, and that while in Vernal, Utah, at said time he made certain purchases and received sales slips, particularly Exhibit "B" from one Elva Timothy, and that he had not altered or changed the date on said slip. To this charge defendant entered a plea of not guilty. Trial was to a jury and, as stated, resulted in a verdict of guilty.

For reversal it is urged (1) that the jury was entitled to a full transcript of the contempt hearing to determine the materiality of the alleged false testimony; (2) that the defendant had already been fined $100.00 and that the instant proceeding was barred thereby; (3) that the falsity of the defendant's testimony was not established by two or more witnesses; and (4) that certain tendered instructions were not given to the jury.

The entire defense in the contempt matter was that defendant was not in or near Blue Mountain City on the 26th of November, 1955, and in an attempt to establish this he made the statements upon which the perjury charge was predicated.

█ In a prosecution for perjury the question of the materiality of the testimony alleged to be false is one of law for the court and not the jury. *Thompson v. People,* 26 Colo. 496, 59 Pac. 51; *Wheeler v. People,* 63 Colo. 209, 165 Pac. 257; *Papas v. People,* 98 Colo. 306, 55

P. (2d) 1330. Under the rule set forth in the Wheeler case, supra, it was held not error to refuse to submit the record in the contempt proceeding to the jury for its determination of the materiality of the evidence given by defendant in support of his alibi in the contempt hearing. In the case before us the transcript in the contempt proceeding was submitted to the trial judge and he properly determined that the testimony alleged to be false, was material to the issue in the contempt case.

In sum, the defendant in the contempt case testified that he was not in the vicinity of the work on the pipeline between 8:00 A.M. and 4:00 P.M. on November 26, 1955. The record discloses that the testimony of Elmer Earl Ward, one of the men employed on the repair job, J. S. Warner, Roy Blevins and Rose Warner, if believed by the jury, proved this sworn statement of defendant false. "To show that the defendants were at the place where the alleged offense was committed at the time it was committed was one of the material facts to be established. No other single fact in the chain of facts could well be more material." *Wheeler v. People, supra.*

It is here claimed that the present prosecution is barred by Rule 107 (e), R.C.P. Colo., which reads: "Nothing herein contained shall prevent the criminal prosecution of a person charged with contempt or proceeding in criminal contempt, provided, however, that if punishment is inflicted to vindicate the dignity of the court, as provided in subdivision (d), no further proceedings in criminal contempt shall be had upon the facts stated in the motion."

The citation to show cause in the contempt matter was based on the motion and affidavit of Mr. Pierson, the Receiver, and ordered defendant to show cause why "he should not be punished for contempt for misconduct in failing to obey and disobeying the order of this Court." This citation was not based on perjury, for it is obvious that at the time of the issuance of the citation defendant had given no testimony. The present prosecution is not

462

one for criminal contempt, but is based on perjury allegedly committed in a separate and distinct judicial proceeding.

It is claimed by counsel for defendant that the information charges separate crimes of perjury, and it is argued that it is duplicitous and that defendant's motion to quash the information interposed at the conclusion of the People's case should have been granted. The motion to quash did not state the ground now urged, neither was this point urged in the motion for new trial or in the assignments of error. It is suggested for the first time in the opening brief filed by defendant's counsel. Even had the motion to quash been based on the alleged duplicitous character of the information, it came too late. C.R.S. '53, 39-7-7. *Critchfield v. People,* 91 Colo. 127, 13 P. (2d) 270; *Warren v. People,* 121 Colo. 118, 213 P. (2d) 381.

Aside from this only one offense, perjury, punishable under one statute, was alleged. To be duplicitous an information must join two or more distinct and separate offenses in the same count of an indictment or information. 27 A.J. pp 683-685.

"Likewise a count is not bad for duplicity where it sets forth several overt acts in pursuance of the principal act charged, or where it alleges several acts done by the same person which are only successive stages in the progress of a criminal enterprise, constituting as a whole only one offense, although either, when done alone, might be an offense." 27 A.J. 685, Sec. 125.

In *People v. Anderson,* 117 Colo. 342, 187 P. (2d) 934 it was said: "It is likewise well settled that to convict one of the crime of perjury the offense must be proved by the testimony of two witnesses, or the testimony of one witness and by other independent and corroborating circumstances which is deemed of equal weight of the testimony of another witness. This court is committed to that principle. *Thompson v. People,* 26 Colo. 496, 59 P. 51."

█ We are satisfied that the rule in the Anderson case, supra, was complied with in the instant case. It would unduly lengthen this opinion to set forth the testimony of the numerous witnesses who, according to the verdict of the jury, disproved the alibi upon which defendant relied. Suffice it to say that some of the elements of the alibi were shown to be false by the testimony of four witnesses. The only issue before the jury was the intentional falsity of any of the material statements made by defendant with reference to the alibi on which he relied. *People v. Mizer,* 37 Cal. App. (2d) 148, 99 P. (2d) 333.

Under Instruction No. 4 the jury was instructed that the burden was on the People to prove beyond a reasonable doubt every material allegation in the information.

In *People v. Mizer, supra,* it was said: "* * * the court properly instructed the jury that it was not necessary to prove that each and all of the answers of the defendant were false, but that if they believed beyond a reasonable doubt that he had wilfully sworn falsely to any of the material statements charged, it was their duty to find him guilty."

Instruction No. 15, tendered by defendant's counsel and refused by the Court, defines the words "wilfully" and "corruptly." We find no error in the court's ruling. If the jury found beyond a reasonable doubt that defendant had wilfully sworn falsely to any one of the material statements charged, it was their duty to find him guilty. *People v. Mizer, supra.* If the jury found that defendant knowingly swore falsely, the wilfulness and corruption is necessarily implied. So we said in *Wheeler v. People, supra.*

The elements of perjury were proven, viz., the falsity of the testimony, its materiality to the issue in the contempt matter; the oath was administered in a proper proceeding, together with the criminal intent.

In essence, what the defendant did in the contempt case was to attempt to secure his discharge because of

his asserted alibi. The several statements charged in the information as false were all a part of the alibi defense.

No prejudicial error appearing, the judgment is affirmed.