538 P.2d 898 (1975)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Anthony E. ONORATO, Defendant-Appellant.
No. 74-339.
Colorado Court of Appeals, Div. III.
June 10, 1975.
Rehearing Denied July 1, 1975.
Certiorari Denied August 25, 1975.
John D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Janet Lee *899 Miller, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Walter L. Gerash, P. C., Louis M. Fischer, Denver, for defendant-appellant.
Selected for Official Publication.
STERNBERG, Judge.
Following a jury trial, Anthony E. Onorato was convicted of committing perjury before a grand jury. In this appeal, he urges several grounds for reversal, but, we need consider only one of them, since it is dispositive of the case. We agree with his contention that the prosecution did not satisfy its burden of proving the materiality of the alleged false statements to the outcome of the grand jury proceedings. Therefore, we reverse the judgment.
The Grand Jury of Weld County was investigating possible involvement of the Weld County Sheriff's Department in an alleged burglary and narcotics ring, and possible official misconduct relating to a recall petition based upon alleged threats to those involved in the recall effort. Onorato was both a deputy sheriff in the Weld County Sheriff's Department and a town councilman in the Town of Firestone. A petition seeking to recall the defendant in regard to the latter office, as well as another councilman and the mayor, had been circulated in early February 1973.
Onorato appeared as a witness before the grand jury on June 20, 1973. When questioned about the recall petition, he denied that he knew of its existence on February 11, 1973. While he conceded that, on that date, he had talked to one of the circulators of the petition and to two people who had signed it, he maintained that those conversations did not relate to the recall petition. We note that neither the record of grand jury proceedings presented at the trial, nor the testimony of witnesses contain any allegation that Onorato had threatened those behind the recall effort. Rather, his indictment was based solely upon his denial of knowledge of the existence of the said petition at the time in question. He was accused of violating § 18-8-502(1), C.R.S.1973 (1971 Perm.Supp., C.R.S.1963, 40-8-502(1)), which reads as follows:
"A person commits perjury in the first degree if in any official proceeding he makes a materially false statement, which he does not believe to be true, under an oath required or authorized by law."
It is clear that a perjury conviction may be predicated upon false statements made before a grand jury. See People v. Howland, 63 Colo. 414, 167 P. 961; and 60 Am.Jur.2d Perjury § 15. Also, there was ample testimony presented at the trial to support the jury's conclusion, inherent in its guilty verdict, that defendant had testified falsely, and that in fact he did know of the existence of the recall petition on February 11, 1973.
It is not, however, every false statement that constitutes perjury. To be perjurious, a false statement must also be "material." By statute, § 18-8-501(1), C.R. S.1973 (1971 Perm.Supp., C.R.S.1963, 40-8-501(2)), a false statement is not material unless:
"[It] could have affected the course or outcome of an official proceeding. . .. Whether a falsification is material in a given factual situation is a question of law."
The People have the burden of proving "materiality," and that element may not be presumed. People v. McClelland, 49 Colo. 538, 113 P. 640. Yet, in the present case, they presented no evidence to demonstrate in what way the falsification was material and there is nothing in the record from which we can properly infer such materiality. See United States v. Freedman, 445 F.2d 1220 (2nd Cir.).
Under these circumstances, we conclude, as a matter of law, that the defendant's false statement was not shown to be material, and, therefore, the judgment is reversed and the cause remanded with instructions to dismiss the indictment.
RULAND and VanCISE, JJ., concur.