The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Frank Everly MAESTAS, Defendant-Appellant.

No. 77–892.

Colorado Court of Appeals, Division II.

Sept. 21, 1978.

Rehearing Denied Oct. 19, 1978.

Certiorari Granted Jan. 15, 1979.

J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Do-

novan, Sol. Gen., Sharon S. Metcalf, J. Stephen Phillips, Asst. Attys. Gen., Denver, Colo., for plaintiff-appellee.

Gerash & Springer, P. C., Walter L. Gerash, Jeffrey A. Springer, Denver, for defendant-appellant.

RULAND, Judge.

Frank Everly Maestas appeals his jury conviction of first degree perjury, § 18–8–502, C.R.S.1973, before a grand jury. We reverse.

The record reflects that the El Paso County grand jury was investigating local heroin traffic. The defendant testified before the grand jury that he did not know George Apodaca and that he had never been in a car with him. This testimony was the basis of his jury conviction.

At an in-camera hearing to determine materiality, the only testimony presented by the People was that of Ronald Pietrafeso, head of the Organized Crime Strike Force. He testified that the Strike Force was attempting to establish who the members of a major heroin ring were. One of the suspected members was George Apodaca, and the officers initiated surveillance of Apodaca in anticipation of discovering other members. As part of the surveillance, the officers observed defendant in an automobile with Apodaca on October 13, 1976. Apparently as a result of the efforts of the Strike Force, the grand jury thereafter issued indictments against Apodaca and others on conspiracy charges. However, no indictment was returned against the defendant.

The trial court found the defendant's statements to be material because they would have placed Apodaca at a particular place at a particular time, which, in its view, could have affected the outcome of the grand jury proceedings.

■ Defendant's statements must be material before a perjury conviction will stand. *People v. Onorato,* 36 Colo.App. 178, 538 P.2d 898 (1975). The defendant's false testimony is material if it could affect the grand jury outcome. *People v. Valdez,* 39 Colo.App. 213, 568 P.2d 71 (1977). However, we agree with the defendant's contention that the People failed to demonstrate how his testimony could have affected the outcome of those proceedings.

■ First and foremost, Apodaca was in fact indicted and thus defendant's false answer did not deter the grand jury in that regard. Next, even if we assume that the surveillance officers were unable to testify before the grand jury as to Apodaca's whereabouts on the date in question, and that, therefore, it was necessary for the defendant to so testify in order to establish that fact, the People failed to establish why it was relevant to place Apodaca at a particular place at a particular time. The officer conceded that he had no reason to believe that heroin was situate in Apodaca's car on the date in question. Further, he gave no indication that, as a result of defendant's answer, the officers were deterred in discovering who the other members of the heroin ring were, or, to establish Apodaca's modus operandi in the conspiracy.

The People suggest that, absent the defendant's perjury, the grand jury might have inquired as to why defendant was in Apodaca's car, what happened there, and whether other similar meetings occurred, in order to establish defendant's involvement in the conspiracy. We would agree except for the fact that the People offered no evidence to establish why the defendant was called to testify before the grand jury, or, that the grand jury was even investigating the defendant as a suspected member of the ring.

Because of our conclusion as to the materiality issue, we need not address the defendant's other contentions.

Judgment reversed.

ENOCH and STERNBERG, JJ., concur.