**No. 28449**

**The People of the State of Colorado v.
George A. Smith**

(597 P.2d 204)

Decided July 2, 1979.                    Rehearing denied July 23, 1979.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, William Morris, Assistant, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Michael Heher, Deputy, for defendant-appellant.

*En Banc.*

MR..JUSTICE GROVES delivered the opinion of the Court.

Smith appeals his convictions by a jury on charges of first-degree perjury (section 18-8-502, C.R.S. 1973), conspiracy to commit perjury (section 18-2-201, C.R.S. 1973), and tampering with a witness (section 18-8-605, C.R.S. 1973). We affirm in part and reverse in part.

Rowland Carmack, co-owner of Carmack Motors, in Durango, Colorado, brought a civil action against Smith in LaPlata County to recover a tractor. At trial Smith and John Burnite testified that they were together at Carmack Motors on January 14, 1975 and that Smith then gave Rowland Carmack a cash payment for the tractor. Rowland Carmack, his brother and several of their employees denied having seen Smith or Burnite at the store on January 14 and testified that the receipt produced by Smith had been typed on a typewriter different than that used at Carmack Motors. Carmack Motors prevailed in the action.

Subsequently, Smith was charged, as above set forth, with perjury, conspiracy to commit perjury and tampering with a witness. At a preliminary hearing, Burnite recanted the testimony he had given in the civil action. Burnite stated that Smith had shown him the receipt and told him that he wanted corroborating testimony regarding payment because he feared that a prior felony conviction would vitiate his credibility. Burnite said he agreed to corroborate Smith's testimony, even though Burnite had not accompanied Smith to Carmack Motors on January 14th, because Smith was down on his luck and needed the tractor to make a living. Smith's attorney cross-examined Burnite.

Prior to trial, Burnite died. Over Smith's objection, the district court admitted a transcript of Burnite's preliminary hearing testimony into evidence. At trial, the judge, pursuant to statute, did not submit the question of materiality to the jury.

I.

Smith challenges the constitutionality of section 18-8-501(1), C.R.S. 1973 (now in 1978 Repl. Vol. 8) on the ground that it improperly renders the element of materiality in a first-degree perjury charge a question for the judge, not the jury. This allegedly violates his constitutional right to a jury trial on every element of the offense.

The statute reads:

"'Materially false statement' means any false statement . . . which could have affected the course or outcome of an official proceeding, or the action or decision of a public servant, or the performance of a government function. *Whether a falsification is material in a given factual situation is a question of law.*" (Emphasis added). Section 18-8-501(1), C.R.S. 1973.

Pursuant to statute, the district court instructed the jury as follows:

"Whether a falsification is material in a given factual situation is a question of law. The court has found that the alleged statement was material, and you are not to consider that question."

The statute and jury instruction conform to Colorado case law making materiality a question of law for the court. *Marrs v. People,* 135 Colo. 458, 312 P.2d 505 (1957); *Treece v. People,* 96 Colo. 32, 40 P.2d 233 (1934). A majority of state and federal jurisdictions have adopted the same rule. *See generally* 62 A.L.R.2d 1027.

Smith fails to cite any authority which would buttress his claim that the statute is unconstitutional. He refers only to cases which champion the right to a jury trial. Our attention has not been called to any cases which indicate that every element, whether a question of fact or law, must be submitted to the jury. The theory Smith advances runs *contra* to the traditional practice of submitting only questions of facts and the issue of the credibility of witnesses to the jury. *Oaks v. People,* 150 Colo. 64, 371 P.2d 443 (1962); *Gallegos v. People,* 136 Colo. 321, 316 P.2d 884 (1957); *Gonzales v. People,* 128 Colo. 522, 264 P.2d 508 (1953).

Although courts in a minority of jurisdictions submit the question of materiality to the jury, the constitutional right to a jury trial does not compel such a practice. *See, for example, People v. Perna,* 20 App. Div. 2d 323, 246 N.Y.S.2d 920 (1964). Section 18-8-501(1), C.R.S. 1973 is constitutional and the jury instruction based upon the statute was proper.

II.

Smith argues that the district court did not apply the appropriate burden of proof when considering whether Smith's statements were material, and thus denied him his right to have every element of the charges proved beyond a reasonable doubt. The basis of Smith's contention is the following ruling:

"Now, the proof of materiality, I think, is supported by the evidence. *The evidence and inferences that may be drawn therefrom are sufficient to support the proof of materiality of the perjury testimony.* The evidence was that the evidence in the case, that the defendant allegedly claimed that he went to the Carmack Motors and paid this bill and received a receipt for it, which is in evidence, and it is obvious to the Court that the testimony by John Burnite that he accompanied him at that time is material. And the Court so rules." (171-172 Emphasis added).

Smith reads the statement to mean that the district judge employed a standard of sufficiency rather than the correct standard of proof beyond a reasonable doubt. We disagree.

The trial court's finding was sufficient to meet the beyond a reasonable doubt standard. The language of jury instruction No. 4 also indicates that the judge had the proper standard in mind. The instruction reads in part:

"If, after considering all of the evidence, you find that the prosecution has established beyond a reasonable doubt that the defendant George A. Smith, acted in such a manner so as to satisfy all of the above elements at or about the date and place stated in the information, you should find the

defendant guilty of perjury in the first degree . . . ."

Moreover, a reading of the record supports the district court's ruling. As a matter of law the evidence proved the materiality of Smith's statements beyond a reasonable doubt. *See People v. Onorato,* 36 Colo. App. 178, 538 P.2d 898 (1975).

## III.

Smith's third objection raises an important issue of first impression in Colorado, *viz.,* whether admission of the transcript of Burnite's preliminary hearing testimony violated the hearsay rule and denied Smith his right to confront the witnesses against him as guaranteed by *Colo. Const.* Art. II, § 16 and the Sixth and Fourteenth Amendments to the United States Constitution. We resolve this issue on the basis of Smith's constitutional argument.[1]

The question permits no easy resolution since the contentions of each side have merit. In support of its position, the people point to the necessity for the testimony and the fact that it bears important indicia of reliability, *viz.,* it concerns the same issue and was given under oath at a judicial proceeding at which Smith was present and utilized his right to cross-examine. On the other hand, Smith maintains that the state and federal constitutions guarantee a more searching opportunity for cross-examination than may be provided at a preliminary hearing in Colorado. The state's concern to obtain the evidence necessary for convictions when a key witness has become unavailable competes with the defendant's insistence upon all constitutionally guaranteed safeguards regarding the presentation of evidence.

In *Barber v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), the Supreme Court noted the general acceptability of testimony from previous judicial proceedings in which cross-examination occurred when the witness has become unavailable:

"It is true that there has traditionally been an exception to the confrontation requirement where a witness is unavailable and has given testimony at previous judicial proceedings against the same defendant which was subject to cross-examination by that defendant. *E.g., Mattox v. United States, supra* (witnesses who testified in original trial died prior to the second trial). This exception has been explained as arising from necessity and has been justified on the ground that the right of cross-examination initially afforded provides substantial compliance with the purposes behind the confrontation requirement. *See 5 Wigmore, Evidence* §§ 1395-1396, 1402 (3d ed 1940); *C. McCormick, Evidence* §§ 231, 234 (1954)."

---

[1] Although we do not reach the hearsay claim, we note that the purposes served by the hearsay rule and the right to confront adverse witnesses overlap substantially. Thus much of the discussion pertains to both claims.

F.R.E. 804(b)(1) provides for the admission of testimony from a hearing when the witness is unavailable to testify at trial and there was a similar motive to develop testimony.[2]

This general practice requires modification according to the nature of the prior judicial proceeding. Clearly, transcripts from a previous trial provide no basis for objection since the defendant presumably has received the full panoply of procedural and substantive protections. The applicability of the exception to transcripts of testimony from preliminary hearings is a more difficult question, the resolution of which depends upon the nature of the proceeding. In some states, such as California, the preliminary hearing constitutes a mini-trial. *See California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). In Colorado, it is limited to a determination of probable cause. *Hunter v. District Court,* 190 Colo. 48, 543 P.2d 1265 (1975). Crim. P. 7(h)(3) governs the conduct of such hearings in Colorado:

"The defendant shall not be called upon to plead at the preliminary hearing, although he may cross-examine witnesses against him and may introduce evidence in his own behalf. The prosecuting officer shall have the burden of establishing probable cause. The presiding judge at the preliminary hearing may temper the rules of evidence in the exercise of sound judicial discretion."

In light of the hearing's limited screening purpose, evidentiary and procedural rules are relaxed, so that for example, hearsay testimony is admissible, although hearsay alone may not suffice if more competent testimony is available. *McDonald v. District Court,* 195 Colo. 159, 576 P.2d 169 (1978); *People v. Treat,* 193 Colo. 570, 568 P.2d 473 (1977); *Hunter v. District Court, supra.* Moreover, the right to cross-examine and to introduce evidence may be curtailed as to matters unnecessary to a determination of probable cause. *McDonald v. District Court, supra.* In *Rex v. Sullivan,* 194 Colo. 568, 575 P.2d 408 (1978), this court said:

"A defendant has no constitutional right to unrestricted confrontation of witnesses and to introduce evidence at a preliminary hearing. By rule, defendants have the right to a preliminary hearing under certain circumstances, and pursuant to the rule a defendant 'may cross-examine witnesses against him and may introduce evidence in his own behalf.' Crim. P. 7(h)(3). However, the preliminary hearing is not intended to be a mini-

---

[2] F.R.E. 804(b)(1) reads:

"(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

"(1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."

trial or to afford the defendant an opportunity to effect discovery. *E.g., People v. Treat,* 193 Colo. 570, 568 P.2d 473 (1977). Its purpose is to screen out cases in which prosecution is unwarranted by allowing an impartial judge to determine whether there is probable cause to believe that the crime charged may have been committed by the defendant. *People v. Treat, supra; People v. Quinn,* 183 Colo. 245, 516 P.2d 420 (1973)."

■ In particular, we have held that the judge may not make a determination as to the credibility of witnesses unless the testimony is incredible. *Hunter v. District Court, supra.* Consequently, the same motive to inquire as to witnesses' credibility which exists at a jury trial is not present at the preliminary hearing. The multiplicity of issues at trial contrasts sharply with the single concern of the preliminary hearing. In view of the variance, counsel would not have the same *motive* to cross-examine as at trial. If the matter did not relate to probable cause, counsel also would not have the *right* to present evidence or cross-examine.

The transcript admitted here illustrates the difficulty. Burnite testified that one reason he agreed to corroborate Smith's testimony was that Smith feared that a prior felony conviction would undermine his credibility. Counsel did not cross-examine as to this prejudicial statement. Nor did counsel extensively inquire as to Burnite's credibility, an issue ripe for exploration at trial since he was recanting testimony given under oath.

■ In view of the limited scope of the preliminary hearing in Colorado, we rule that *Colo. Const.* Art. II, § 16 precludes the admission of the transcript of a preliminary hearing at a subsequent trial when the witness whose testimony is sought has become unavailable. *See State v. Roberts,* 55 Ohio St. 2d 191, 378 N.E.2d 492 (1978).

We do not have before us a situation in which the defendant caused the witness not to be available; and we do not pass upon this question.

IV.

In light of the conclusion reached in part III above, we do not reach Smith's final allegation of error that the admission of Burnite's hearsay evidence regarding Smith's prior felony conviction without a proper limiting instruction constituted prejudicial error.

We vacate the judgment and remand for a new trial.

MR. JUSTICE ROVIRA concurs in part and dissents in part.

MR. JUSTICE ROVIRA concurring in part and dissenting in part.

I concur in Parts I and II of the Court's opinion, but dissent to Part III.

The majority has laid down an absolute rule admitting of no exceptions when it concludes that *Colo. Const.* Art. II, Sec. 16, prohibits the admission of the transcript of a preliminary hearing at a subsequent trial

when the witnesses whose testimony is sought have become unavailable.

It's not for us to speculate as to events which may occur, or what mischief may arise from the adoption of the majority view. It is not inconceivable that the testimony of a witness at the preliminary hearing, who is unavailable at the time of trial, may be desired by the defendant. The rule as stated by my Brother Groves might preclude the acceptance of that testimony.

Mr. Justice White stated a correct resolution of the matter in *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489:

"We also think that Porter's preliminary hearing testimony was admissible as far as the Constitution is concerned wholly apart from the question of whether respondent had an effective opportunity for confrontation at the subsequent trial. For Porter's statement at the preliminary hearing had already been given under circumstances closely approximating those that surround the typical trial. Porter was under oath; respondent was represented by counsel — the same counsel in fact who later represented him at the trial; respondent had every opportunity to cross-examine Porter as to his statement; and the proceedings were conducted before a judicial tribunal, equipped to provide a judicial record of the hearings. Under these circumstances, Porter's statement would, we think, have been admissible at trial even in Porter's absence if Porter had been actually unavailable, despite good-faith efforts of the State to produce him. That being the case, we do not think a different result should follow where the witness is actually produced.

". . . If Porter [the witness] had died or was otherwise unavailable, the Confrontation Clause would not have been violated by admitting his testimony given at the preliminary hearing — the right of cross-examination then afforded provides substantial compliance with the purposes behind the confrontation requirement, as long as the declarant's inability to give live testimony is in no way the fault of the State."

In my view, the defendant's constitutional rights are not abridged by the introduction at trial of preliminary hearing testimony where the defendant had the opportunity at the preliminary hearing to confront and cross-examine the witness and a proper foundation has been laid concerning the absence of the witness. *See, e.g., Pointer v. State of Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).