George Amos SCOTT and Henry Clayborne JOHNSON *v.* STATE of Arkansas

CR 80-129                                        612 S.W. 2d 110

Supreme Court of Arkansas
Opinion delivered March 2, 1981

*James P. Massie,* for appellant Scott.

*Ralph M. Cloar, Jr.,* for appellant Johnson.

*Steve Clark,* Atty. Gen., by: *Jack W. Dickerson,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. George Amos Scott and Henry Clayborne Johnson were convicted of possessing firearms, a violation of Ark. Stat. Ann. § 41-3103. Scott was sentenced to six years imprisonment; Johnson to five. They were admittedly convicted felons. On appeal, the controlling issue is whether a transcript of testimony taken at a preliminary hearing may be used as evidence in a circuit court criminal trial where the witness is unavailable.

The circuit judge admitted the transcript and this transcript was the basis of the convictions. We disagree with the circuit judge's decision. The transcript was not admissible because it did not comply with the rules of evidence and because it violated the defendants' Sixth Amendment right to confront a witness.

The facts are essentially undisputed. The appellants, Scott and Johnson, were arrested on March 4, 1979, at the residence of Cherylinda Ford. Ford had called the police to complain that Scott and Johnson were terrorizing her. The police arrived and found two pistols; one was located in or near Ford's purse; the other was inside a washing machine. Scott and Johnson were both present in the house when Ford indicated that the guns were theirs. The appellants were arrested for possession of the firearms.

A preliminary hearing was held in the Little Rock Municipal Court on March 13, 1979. Ford testified, but the questions were brief and Ford's answers were the same. The substance of her testimony was that these defendants owned the guns. Johnson and Scott were present with separate lawyers. Johnson's attorney asked Ford five questions;

Scott's attorney asked no questions. The limited cross-examination revealed that Ford was the only person who saw these men with the guns.

In May the case was set for trial on October 25, 1979. The day of trial the State announced it could not produce Ford as a witness. It had learned the address of Ford in California on the morning of the trial. A transcript of Ford's testimony taken at the preliminary hearing was offered as evidence. The State argued that the transcript was admissible under Rule 804 (b)(1), Uniform Rules of Evidence. That rule does provide under certain circumstances prerecorded testimony is admissible. It reads:

> (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

The appellants argued it was not admissible for two reasons: First, the State had to show more than the fact a witness was "unavailable;" second, it would violate a defendant's right to confront witnesses.

A deputy sheriff testified briefly. He was a specialist in locating difficult-to-find witnesses and had had the subpoena "about a week." He had tried several ways to locate Ford but had just that morning learned her exact address in California. The judge ruled that the State had shown the witness "unavailable." The other objections were overruled and the transcript was admitted.

On appeal, the appellants argue as their first point that the judge was wrong in finding the witness "unavailable." It is not necessary for us to review that decision because the transcript was otherwise inadmissible. It did not comply with Rule 804 and violated the confrontation clause of the Sixth Amendment to the United States Constitution. Rule

804 clearly provides not only that the witness must be unavailable but also that the testimony must be given at a proceeding where a party had "an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."

Any study of such an evidentiary rule in connection with a criminal case must be in conjunction with the confrontation clause of the Sixth Amendment. The Sixth Amendment provides that:

> ... the accused shall enjoy the right ... to be confronted with the witnesses against him. ...

As Justice Stewart said in *Dutton* v. *Evans*, 400 U.S. 74, 86 (1970), the two concepts "stem from the same roots." There has traditionally been an exception to the right of confrontation where a witness who testified at a prior trial is unavailable at a later judicial proceeding. *Mattox* v. *State*, 156 U.S. 237 (1895). State evidentiary rules can fall within this exception if two tests are met. First, the witness must be "unavailable." A witness is not unavailable unless the State has made a good faith effort to obtain the witness's presence at the trial. *Barber* v. *Page*, 390 U.S. 719 (1968). Next, the evidence must be reliable, and that is our only concern here.

The United States Supreme Court has said such evidence (i.e. the transcript of a separate hearing) must have "indicia of reliability" and "afford the trier of fact a satisfactory basis for evaluating the truth of the prior statement." *Mancusi* v. *Stubbs*, 408 U.S. 204 (1972). Does that mean testimony taken at a preliminary hearing can be later used in a criminal trial? It depends on the hearing and the circumstances surrounding the taking of the testimony. In a series of decisions the United States Supreme Court has explained the confrontation guarantee as it relates to this problem.

In *Pointer* v. *Texas*, 380 U.S. 400 (1965), testimony taken at a preliminary hearing was found wanting. The defendant had no lawyer and there was no cross-examina-

tion. The court indicated that the case would be different if there had been a "full fledged" hearing.

In *Barber* v. *Page, supra*, the court said that testimony from a preliminary hearing was not admissible even though the defendant had been present and had an attorney. The attorney in *Barber* had not cross-examined the witness, although another attorney for the another defendant had.

The court in *California* v. *Green*, 399 U.S. 149 (1970), found that testimony taken at a preliminary hearing was admissible. The hearing was obviously different from that in *Barber*. The reasons given for admission were: The circumstances closely approximated those that surround a typical trial; the witness was under oath; the defendant was represented by counsel and had every opportunity to cross-examine the witness; and, the trial was before a judicial tribunal equipped to provide a judicial record.

In *Mancusi* v. *Stubbs, supra*, testimony from a trial held eight years earlier was offered. It was argued that the transcript was inadmissible because the cross-examination had not been effective. The court held otherwise, looking at the testimony to see if there were the "indicia of reliability" referred to in *Dutton*.

Obviously admission depends upon the circumstances surrounding the hearing. In the case of a preliminary hearing admission depends on what kind of hearing is involved and whether it is a "full fledged" hearing or a limited one. In *Mancusi* v. *Stubbs, supra*, the court compared the circumstances surrounding the giving of testimony in the trial of a serious felony before a jury as opposed to testimony before a magistrate at a preliminary hearing; in *California* v. *Green, supra*, the court did not find the preliminary hearing "significantly different" from an actual trial.

In *Dutton*, when examining transcribed testimony, the court explained what some of the "indicia of reliability" were. Does it answer obvious questions relating to identity, personal knowledge of the witness, the role of the defendant,

[in this case each defendant], and, did the witness have any motive to lie or misrepresent?

Treatment of this issue by various states provides some guidance. Colorado, whose preliminary hearing law is similar to Arkansas's, has decided that testimony taken at a preliminary hearing cannot be used at trial. In *People* v. *Smith*, 597 P. 2d 204 (Colo. 1979), Colorado concluded that the limited scope of the preliminary hearing in Colorado failed to satisfy constitutional requirements granting the right to confront witnesses. Apparently that would apply to all testimony taken at a preliminary hearing. Virginia, in *Fisher* v. *Commonwealth*, 217 Va. 808, 232 S.E. 798 (1977), came to a different conclusion. However, in *Fisher*, it was pointed out that the witness, who was unavailable, was subject to a "vigorous, detailed and searching cross-examination" by an attorney for the defendant. Consequently, the Virginia court concluded that the transcript satisfied constitutional requirements.

That leads us to examine our rule of evidence as it releates to this preliminary hearing. A preliminary hearing in Arkansas is ordinarily one initiated by the State to show probable cause. The procedure is generally provided for in Ark. Stat. Ann. § 43-601, et seq. (Repl. 1977). It is not a required but a discretionary procedure. *Graves* v. *State*, 256 Ark. 117, 505 S.W. 2d 748 (1974).

Constitutional requirements imposed in recent years are satisfied if a person is taken before a judicial officer in compliance with Rules of Crim. Proc., Rule 8. In such a case the judicial officer shall determine by an "informal, non adversary" hearing whether there is probable cause.

Either of these procedures might or might not amount to a "full fledged" hearing. In this case all we have is a brief transcript of the testimony of the only witness against these defendants. There is no evidence that the transcript was taken at the instance of the judge. There was no extensive cross-examination. Motive of the witness was important because one of the defendants was apparently her former boyfriend.

The hearing was not one where a motive existed to develop testimony as one would have in a trial. The appellants were represented by attorneys but were not obligated to cross-examine the witness. To presume that they should have done so would be to presume that they knew the testimony could be used later in the absence of the witness. That would mean a preliminary hearing could not be one solely to learn if only probable cause existed. It is questionable whether there is even a right to conduct a searching cross-examination at a preliminary hearing. Moreover, a defendant, having no obligation to cross-examine, may for strategy's sake forego examination. The defense may not wish to disclose its theory of defense.

There is a statutory provision for preserving testimony at a preliminary hearing but it contains several conditions. Ark. Stat. Ann. § 43-626 provides that if a witness fails to enter into the required recognizance, or the magistrate has reasonable grounds to believe a witness may not appear, the witness can be examined for that purpose. However, *there must be notice* of that intention to the other party. Here the State offered no evidence that it complied with the statute.

The problem before us is one of a limited transcript where a bare opportunity existed to cross-examine. The transcript must pass two tests: Rule 804(b)(1) requires a hearing where a similar motive exists, and the transcript must also meet the reliability test imposed by the United States Supreme Court. We conclude that it fails those tests.

While we do not adopt Colorado's view that testimony from a preliminary hearing can never be admitted, we readily find this transcript was inadmissible.

Reversed and remanded.

ADKISSON, C.J., dissents.

RICHARD B. ADKISSON, Chief Justice, dissenting. The majority correctly state the issue, which is whether a transcript of testimony taken at a preliminary hearing may

be used as evidence in a circuit court criminal trial where a witness is unavailable. I dissent from the majority decision.

The appellants appeared at plea and arraignment in Pulaski County Circuit Court on May 29, 1979, and after they waived their right to trial by jury, a court trial was set for October 25, 1979. The subpoena for Cherylinda Ford (absent witness) was not issued until ten days before the trial, a delay of over four and one-half months from the arraignment date. On the day of trial, Cherylinda Ford was reported to be living in Pasadena, California.

I

The majority's holding that it is unnecessary to reach the issue of the "unavailability" of the witness ignores *Satterfield* v. *State*, 248 Ark. 395, 451 S.W. 2d 730 (1970) in which this court held that the prosecution must make a "good-faith effort" to obtain a witness at trial before it can claim the "unavailability" exception to the confrontation requirement. This is also the rule recognized by the United States Supreme Court. They said that state evidentiary rules can fall within this exception if two tests are met. First, the witness must be "unavailable," and second, the testimony must be found to be reliable. A witness is not unavailable unless the State has made a good-faith effort to obtain the witness's presence at the trial. *Barber* v. *Page*, 390 U.S. 719 (1978). Also see *Dutton* v. *Evans*, 400 U.S. 74 (1970); *Mattox* v. *U.S.*, 156 U.S. 237 (1895).

Since the trial court held that the witness in this case was unavailable, the only remaining issue under the confrontation clause of the Arkansas and United States Constitutions is whether the testimony given at the preliminary hearing is reliable. The United States Supreme Court considered the issue of reliability in *California* v. *Green*, 399 U.S. 149 (1970) and found that testimony taken at a preliminary hearing was admissible. The reasons given for admission were: The circumstances closely approximated those that surround a typical trial; the witness was under oath; the defendant was represented by counsel and had every opportunity to cross-examine the witness; and, the

trial was before a judicial tribunal equipped to provide a judicial record. All of the circumstances present in *Green* are present here and, therefore, this case should be affirmed.

## II

I would also take exception with the majority holding that the transcript, to be admissible, must pass only the test as to whether a similar motive exists. In all cases the transcript, of course, must meet the reliability test imposed by the United States Constitution.

However, in regard to "a similar motive," Rule 804 (b)(1) provides: "the party against whom the testimony is now offered [must have] ... had an opportunity and similar motive to develop the testimony. ..." The test as stated in the majority opinion should consider both of the elements of Rule 804(b)(1); instead, however, it de-emphasizes the element of "opportunity" for cross-examination which has been emphasized in prior cases. See *Walls* v. *State*, 194 Ark. 578, 109 S.W. 2d 143 (1937); *Satterfield* v. *State*, 248 Ark. 395, 451 S.W. 2d 730 (1970); *Pointer* v. *Texas*, 380 U.S. 400 (1965). Although the Colorado case, apparently favored by the majority, places emphasis on the "motive" for cross-examination, both opportunity and similar motive are factors to be considered in determining whether former testimony is admissible as an exception to the hearsay rule under Rule 804.

Also, the majority state that the "motive of the witness was important because one of these defendants was apparently her former boyfriend." This statement regarding the motive of the witness expands the scope of Rule 804 which only requires the *party* against whom the testimony is offered to have had an opportunity and similar motive to develop the testimony. I don't think we should consider the motive of a mere witness. It certainly is not required by Rule 804.