**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Joseph LOSINSKI, Defendant-Appellant.**

**No. 83CA1266.**

Colorado Court of Appeals,
Div. I.

July 18, 1985.

Rehearing Denied Aug. 15, 1985.

Certiorari Denied Dec. 2, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Carpenter & Johnson, P.C., William L. Carpenter, Lakewood, for defendant-appellant.

PIERCE, Judge.

Defendant, Joseph Losinski, appeals his conviction of first degree perjury under § 18-8-502, C.R.S. (1978 Repl.Vol. 8). We affirm.

The sole issue on appeal is whether § 18-8-506, C.R.S. (1984 Cum.Supp.) was

complied with in the prosecution of this case. We rule that it was.

That statute, in pertinent part, states as follows:

"In any prosecution for perjury or false swearing ... falsity of a statement may not be established solely through contradiction by the uncorroborated testimony of a single witness."

It was established at trial that Losinski had visited witness Van Hook at Van Hook's home, and had given Van Hook $100 to apply on damages due from Losinski to the Van Hook family as a result of an automobile accident. Witness Van Hook gave Losinski a receipt for the $100. At a civil trial which arose as the result of the automobile accident, Losinski testified that he had paid Van Hook $900 and produced a receipt for $900. This testimony and the receipt form the basis for the perjury prosecution.

At the perjury trial, Van Hook testified as to the events which took place at his home and also as to Losinski's alleged false testimony at the civil trial. The $900 receipt was also placed in evidence, and it was established that Losinski had presented it in the civil trial. Expert testimony established that the $900 receipt was a false document which was made by altering and then photocopying the $100 receipt which had been prepared by Van Hook.

This testimony, although contradicted by other testimony, was sufficient to satisfy the requirements of the statute that one witness and independent corroborating evidence are sufficient to establish the basis for a perjury charge. *See Marrs v. People*, 135 Colo. 458, 312 P.2d 505 (1957); *People v. Mazza*, 182 Colo. 166, 511 P.2d 885 (1973).

The judgment is affirmed.

VAN CISE and STERNBERG, JJ., concur.